GEORGE POTTS ET AL. v. THE POINT PLEASANT LAND COMPANY.

1.  By contract under seal, the plaintiffs agreed to do certain grading at eighteen cents per cubic yard, and the defendant agreed to make payments therefor " at stated intervals, as the work progressed, in such sums as should be mutally agreed upon."   Afterwards the parties agreed, without seal, that the payments should be made at the end of each month, to the extent of one-fourth of the work then done.   *Held*, that the plaintiffs could maintain an action of covenant for defendant's failure to make payments accordingly.

2.  The declaration showed that the plaintiffs had covenanted to do certain grading, and that the defendant had covenanted to pay them eighteen cents per cubic yard therefor on completion of the work; *that after they had done one hundred and forty thousand cubic yards* the defendant compelled them to discontinue the work.   *Held*, that

they could maintain an action of covenant for defendant's refusal to pay for the work done.

3. Variance between the contract as stated in the declaration and the contract as it appears on *oyer*, is not available on demurrer to the declaration, unless the discrepancies afford an answer to the plaintiff's case.

On demurrer to declaration.

Argued at November Term, 1886, before Justices KNAPP and DIXON, by consent.

For the plaintiffs, *Frederick Parker*.

For the defendant, *James Buchanan*.

The opinion of the court was delivered by

DIXON, J.   The plaintiffs' declaration is in covenant upon a contract, under seal, between themselves and the defendant. It consists of three counts, to which the defendant has interposed a single demurrer.   We do not deem ourselves called upon to deal with the various matters discussed in the briefs of counsel, except so far as is necessary for the giving of judgment upon the demurrer, because the real rights of the parties can be better determined when the circumstances on which they depend shall be disclosed by evidence.

By the contract, dated November 12th, 1879, as set out in the declaration, the plaintiffs agreed to grade certain lands of the defendant at Point Pleasant, under the supervision and direction of a surveyor selected by the defendant, and the defendant covenanted, "in consideration of the faithful performance of the specified work," to pay the plaintiffs eighteen cents per cubic yard for the sand and clay removed, in manner following: first, by assigning a certain bond and mortgage for $2500; second, by conveying a certain tract of land valued at $2500; third, by assigning other mortgages to the amount of $1750; fourth, by giving orders for guano, at $15 per ton, to an amount necessary to complete payment for three-fourths

of the whole amount of the contract; fifth, by paying the net balance, being one-fourth of the whole amount of the contract, in cash, "at stated intervals, as the work progresses, in such sums as may be mutually agreed upon." The declaration avers that the parties mutually agreed that these "stated intervals" should be the end of each month, when the defendant should pay the plaintiffs, in cash, for one-fourth of the work then done. It further avers that the plaintiffs commenced the work on November 12th, 1879, and continued it until September 23d, 1881, by which time they had removed one hundred and forty thousand cubic yards of clay and sand; that the defendant had made to them therefor payment of the $2500 mortgage, the $2500 tract of land, the $1750 mortgages, on account of the three-fourths of the work, and fifteen monthly payments in cash, amounting to $4700, on account of the one-fourth of the work, but that there remained due and owing, before and at the commencement of the suit, guano orders to the amount of $12,150, on account of the three-fourths, and $1600 in cash, on account of the one-fourth of the work, for the non-payment of which damages were claimed.

With regard to the $1600 payable in cash, the foregoing facts make out a clear case for the plaintiffs. The opposing suggestion, that the right to have the cash paid monthly, and to the extent of one-fourth of the work done, rests, not upon the specialty, but on the subsequent mutual agreement, which was not under seal and therefore cannot support an action of covenant, is not tenable. The obligation to pay is created by the sealed instrument; the subsequent agreement merely fixes the amount and time of the payment. It is as if the covenant had been to pay as the defendant should, from time to time, approve of and accept the work done; no breach of the covenant could be shown without resort to the approval and acceptance; but when these appeared, the obligation of the covenant, before inchoate, would become complete and actionable. The case is not one where a parol contract is made in substitution for or variation of a specialty; it is merely one where some act, in pursuance of the covenant, is needed to give pre-

cision to the indefinite terms of the contract. Whether that act shall be the mutual act of both parties, or the separate act of either, or the independent act of an outsider, can make no difference with regard to the source of legal obligation. That remains in the original contract to do whatever the subsequent act should point out as the thing to be done. Nor is the suggestion that the plaintiffs' failure to go on with the work after September 23d, 1881, destroys their right to this cash payment, more tenable. The covenant by the plaintiffs to complete the work, and the covenant by the defendant to pay at the end of each month, in cash, for one-fourth of the work done, are independent covenants, and performance of the one is not a condition precedent to a recovery for breach of the other. 2 *Parsons on Contracts* *518, *note c.*

But with regard to the non-delivery of orders for guano, the plaintiffs' position is very different. The general covenant of the defendant to pay is " in consideration of the faithful performance of the specified work " by the plaintiffs. This on its face imports an obligation to pay only when the work, *i. e.*, the whole work, is performed. 1 *Chitty on Pleading* 322. So far as relates to the cash payments, this general covenant is clearly modified by the agreement to pay in instalments ; but I have not found any tangible modification of it with regard to the securities and orders which were to be given for three-fourths of the work. There is indeed a clause in the agreement that the defendant shall be at liberty to retain, as collateral security, such of the securities mentioned as it may elect; but this seems too vague to support an obligation to deliver the guano orders on any other condition than the completion of the work. To make out a breach of this covenant, therefore, the plaintiffs must aver entire performance by themselves or something which legally absolves them therefrom. Complete performance is not pretended, but legal release is claimed.

The first count founds this claim of legal release upon the failure of the defendant to pay the plaintiffs what was due under the contract prior to September 23d, 1881, by reason

of which they say it was impossible for them to pay their employees and go on with the work. But this failure, while it would be evidence on the question whether the defendant had abandoned the contract and so discharged the plaintiffs, was not necessarily an abandonment (*Trotter* v. *Heckscher*, 13 *Stew. Eq.* 612; *Blackburn* v. *Reilly*, 18 *Vroom* 290), and therefore could not be well pleaded as a release. As before stated, the covenant to complete the work and the covenant to make monthly payments are independent of each other.

The second count bases the claim of release upon the fact that on September 23d, 1881, while the plaintiffs were ready and willing to complete the work, and tendered themselves so, the defendant notified them to remove all their implements from the land to be graded, and compelled them to do so and to discontinue the work. This fact, I think, constitutes a legal excuse. It shows unequivocally that the defendant intended to abandon the contract, and absolutely prevented the plaintiffs from completing the work. 1 *Chitty on Pleading* 326. This was equivalent to performance by the plaintiffs of the condition precedent, so far as that was essential to the right of recovery (*Shinn* v. *Roberts*, *Spen.* 435; *Shinn* v. *Haines*, 1 *Zab.* 340), and they became entitled to the stipulated price for the work done, or to damages for the non-payment thereof. The second count, in my opinion, shows a breach by the defendant in regard both to the cash payment and to the guano orders.

The defendant's objection that the contract, as set out on *oyer*, contains other terms than those appearing in the declaration, is unimportant, because the omitted stipulations afford no answer to the case of the plaintiffs as made in their pleading. 1 *Chitty on Pleading* 434.

The plaintiffs are entitled to judgment for damages on both breaches.