SUSANNA WOLFARTH, PLAINTIFF IN ERROR, v. L. STERN-BERG & COMPANY, DEFENDANT IN ERROR.

Submitted July 3, 1903—Decided November 9, 1903.

Where, in an action for personal injuries, the plaintiff testified that she was injured on April 23d, 1900, by coming into collision with a bureau being carried by an employe of the defendant across the sidewalk; that she on the same day summoned a physician to attend her, and the physician testified as to the injuries, but gave the date of his visit as May 1st, it was error to direct a nonsuit on the ground that the injuries from which the plaintiff was suffering were not received in the manner testified to by her, that question being for the jury and not for the court.

On error to the Essex Circuit.

Before GUMMERE, CHIEF JUSTICE, and Justices DIXON, HENDRICKSON and PITNEY.

For the plaintiff in error, *Samuel Kalisch.*

For the defendant in error, *Robert H. McCarter.*

PER CURIAM.

The plaintiff in error, who was the plaintiff below, sued to recover for injuries alleged to have been incurred by her on the 23d day of April, in the year 1900, while walking upon the sidewalk of West street, in the city of Newark, by coming into collision with a bureau which was being carried

by an employe of the defendant across the sidewalk, from the curb to the house of one of the defendant's customers. Having testified that upon the same day on which her injuries were received she summoned a physician to attend her for those injuries, the physician was called to corroborate her. He did so, so far as the fact that she was suffering from bodily injury at the time of his visit was concerned, but contradicted her as to the date of that visit, his statement being that it was on the 1st day of May, 1900. Thereupon the court directed a nonsuit to be entered against the plaintiff, on the ground that the evidence made it clear that the injury from which the plaintiff was suffering at the time of his visit was not caused by her colliding with the defendant's employe.

The direction to nonsuit cannot be sustained upon the ground on which it was rested by the trial judge. The question whether or not the injuries for which she was treated were received in the manner testified to by her was for the jury, not for the court, to determine.

It is suggested, on behalf of the defendant in error, that even if it be considered that the reason given by the court for its action is unsound, still the nonsuit should be sustained, because it is manifest from the testimony that there was nothing negligent in the conduct of the defendant's employe in carrying the bureau across the sidewalk; and, further, because the plaintiff's injury was contributed to by her own carelessness. We think, however, that those questions should not be considered in a court of review until they are first passed upon by the trial court.

The judgment under review should be reversed.