DANIEL GILLESPIE, PLAINTIFF IN ERROR, v. THE JOHN W. FERGUSON COMPANY, IMPLEADED, &c., DEFENDANT IN ERROR.

DANIEL GILLESPIE, PLAINTIFF IN ERROR, v. THE BABCOCK & WILCOX COMPANY, IMPLEADED, &c., DEFENDANT IN ERROR.

Submitted July 5, 1909—Decided November 15, 1909.

1. A discharged employe who is hurt in the night-time by a fall while leaving his employer's premises is guilty of contributory negligence when he voluntarily, and unnecessarily, and without taking any precautions for his safety, goes through a strange and totally dark place, where to his knowledge building operations were being carried on in the daytime for his employer, and when he had a safe way out by which he had entered.

2. A judgment entered upon a nonsuit directed by the trial judge and brought up for review will be affirmed if correct on any legal ground, although the reason advanced by the court below is erroneous.

On error to the Supreme Court.

For the plaintiff in error, *John W. Queen.*

For the defendant in error, the John W. Ferguson Company, *Lindabury, Depue & Faulks.*

For the defendant in error, the Babcock & Wilcox Company, *Thomas F. Noonan.*

The opinion of the court was delivered by

TRENCHARD, J. Daniel Gillespie, the plaintiff below, was an employe of the Babcock & Wilcox Company, whose place of business was at Bergen Point, Bayonne. On the evening of November 21st, 1905, he fell into a pit dug by the John W. Ferguson Company for the Babcock & Wilcox Company on the premises of the latter company in the course of the construction of a "gas producer house."

This action was brought by the plaintiff against both companies to recover for injuries received in the fall.

The plaintiff's testimony exhibited the facts following: The business of the Babcock & Wilcox Company was the manufacture of tubular boilers. At the works were two rows of buildings which were separated by an open space several hundred feet long and about one hundred feet wide. On the easterly side of this open space were the machine shops and office, and on the westerly side the wash house and forge or hydraulic shop. At the northerly end of the open space the "gas producer house" was being constructed. On the day of the accident the plaintiff, who was employed by the Babcock & Wilcox Company as a fireman, and who worked nights, went to his work shortly before six o'clock in the evening. He went into the hydraulic shop on the westerly side of the open space and then proceeded to the wash house, still on the westerly side of the open space and near its southerly end. While there he was informed that another man had been engaged to take his place. He then went out of the wash house across the southerly end of the open space, which was well lighted in front of the wash house, and entered the machine shop opposite, and proceeded through it to the office which was near the northerly end of the open space, for the purpose of interviewing his foreman. He was told by his foreman that he was discharged. He then pulled back a door hung on rollers, and, without taking any precautions to discover danger, went out in the dark open space where the pit had been dug for the "gas producer house." He fell into the pit and was hurt.

At the close of the plaintiff's testimony the learned trial judge nonsuited the plaintiff upon the ground that there was "no evidence to show that either of these defendants owed any duty to the plaintiff at the time and place when and where the accident happened."

These writs of error bring up for review the two separate judgments entered for the defendants upon the nonsuit.

We think the judgments should not be disturbed.

The view we take of the case renders it unnecessary for us to determine whether the ground taken by the trial judge was correct, for the reason that the plaintiff was properly nonsuited for the reasons we will now state.

Assuming, but not deciding, that the defendants owed some duty to the plaintiff, while still upon the premises after his discharge, which they did not perform, yet we think the evidence clearly showed the plaintiff to have been guilty of contributory negligence.

To render the defendants liable for injuries to the plaintiff, the latter must have exercised reasonable care, that is, such care as an ordinarily prudent person would exercise under the same or similar circumstances.

According to the plaintiff's testimony, while he had not been in the northerly end of the open space for several months before the accident, he knew that there were building operations being carried on there in the daytime. He also knew that this part of the open space was in total darkness. Instead of returning from the office, where he had been to see the foreman, by the safe and well-lighted way through the machine shop which he had taken to reach the office, he opened and went out a door which, to his knowledge, led into a part of the open space that was totally unlighted and in which the building operations were being carried on in the daytime. According to his own testimony it was so dark there that he could see absolutely nothing of where he was going. It was neither necessary nor reasonable in returning to his furnace or in leaving the works for him to go out the door which he did or to go anywhere near where the building operations were being conducted. Certainly, under these circumstances,

in going into this strange place in the dark without using ordinary care to discover danger the plaintiff was guilty of contributory negligence. 29 *Cyc.* 514, and cases there cited.

The fact that the nonsuit was directed upon the ground that the evidence disclosed no failure upon the part of the defendants in the performance of any duty owing to the plaintiff, instead of upon the ground of the plaintiff's negligence is, of course, immaterial. A judgment entered upon a nonsuit directed by the trial judge and brought up for review will be affirmed if correct on any legal ground, although the reason advanced by the court below is erroneous. 2 *Encycl. Pl. & Pr.* 372; 3 *Cyc.* 221.

The rule announced to the contrary in the Supreme Court, in *Wolfarth* v. *Sternberg,* 41 *Vroom* 198, does not meet the approval of this court.

The result is that both judgments of the court below will be affirmed.

The judgment in the case of Gillespie *v.* Ferguson was affirmed by the following vote:

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, REED, TRENCHARD, PARKER, BERGEN, VOORHEES, BOGERT, VREDENBURGH, GRAY, DILL, CONGDON, JJ. 14.

*For reversal*—MINTURN, VROOM, JJ. 2.

The judgment in the case of Gillespie *v.* Babcock & Wilcox was affirmed by the following vote:

*For affirmance*—THE CHIEF JUSTICE, GARRISON, REED, TRENCHARD, BERGEN, VOORHEES, BOGERT, VREDENBURGH, GRAY, DILL, CONGDON, JJ. 11.

*For reversal*—THE CHANCELLOR, SWAYZE, PARKER, MINTURN, VROOM, JJ. 5.