CONRAD W. SCHAUFFELEE, TRADING, &c., v. ABRAHAM GREENBERG ET AL.

Submitted December 7, 1911—Decided March 8, 1912.

Where the plaintiff performed his contract with defendant in every particular but did not furnish a certificate from an underwriters' association as the contract required, and it appeared that his failure so to do was caused by the defendant's conduct in refusing to complete work undertaken by himself upon the same building—*Held,* that the defendant was estopped from alleging the plaintiff's failure to produce the certificate as a legal defence to the action.

---

On appeal from the Camden District Court.

Before Justices TRENCHARD, MINTURN and KALISCH.

For the plaintiff, *Joseph Beck Tyler*.

For the defendants, *Stackhouse & Kramer*.

The opinion of the court was delivered by

MINTURN, J. The suit was instituted in the Camden District Court to recover for material furnished and services rendered by the plaintiff to the defendant in the construction of a building in the city of Camden.

The contract provided that all work was to be passed upon by the Philadelphia Suburban Underwriters' Association, which should certify to the completion of the same as a condition precedent to payment.

No question was made at the trial of the cause as to the performance of his contract by the plaintiff in so far as the actual completion of the manual labor and the furnishing of the materials as called for in the contract were concerned. The plaintiff proved these facts.

Payment was resisted solely upon the ground that the plaintiff had not furnished to the defendant the certificate from the underwriters' association, as required by his contract.

As to that requirement, it was in evidence that he had applied to the underwriters' association for the certificate, but was unable to obtain it because of the failure of the defendant to perform certain electric lighting work which he had undertaken personally to perform in accordance with the requirements of the underwriters' association. It thus appeared that the certificate was refused, not for any want of compliance by the plaintiff with the terms of his contract, but that the defendant's failure to perform his undertaking rendered performance by the plaintiff in this respect impossible.

Under such circumstances the defendant is estopped to allege the breach of a condition which his action or inaction has caused. *Updike* v. *TenBroeck*, 3 *Vroom* 105.

The plaintiff's case showed a substantial performance of the contract, for which he is entitled to recover. *Hinds* v. *Henry*, 7 *Vroom* 328.

In so far as he was unable to show a literal performance of the contract it is clear that his inability to do so was caused by the defendant's act, which the latter cannot now interpose as a defence to a claim in every other respect just and complete as measured by the contract requirements.

The judgment of the Camden District Court will be affirmed.