## MAYER ICE MACHINE AND ENGINEERING COMPANY v. PRESTON A. VAN VOORHIS ET AL.

Submitted March 18, 1915—Decided November 8, 1915.

In an action upon a mechanics' lien claim by a subcontractor, against the builder and owner, a builder may recoup damages which he may have sustained by reason of breach by the subcontractor of the contract upon which the subcontractor's action against the owner and the builder is founded.

On appeal from the Morris Circuit Court.

Before GUMMERE, CHIEF JUSTICE, and Justices GARRISON and MINTURN.

For the appellant, *King & Vogt.*

For the respondents, *Willard W. Cutler.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The plaintiff filed a mechanics' lien on the property of the defendant the Leonard Hygiene Ice Company, and brought suit thereon to enforce a claim of $1,500, the balance due on a written contract made by it with Van Voorhis, the primary contractor, joining the builder and owner as parties defendant.

The primary contract between Van Voorhis and the Leonard company was for the construction of an artificial ice plant. The subcontract between Van Voorhis and the plaintiff was for the construction of an ice making tank, which was a part of that plant. By the terms of the latter contract the plaintiff guaranteed "the material and workmanship to be first class in every respect."

The defendants answered the plaintiff's complaint jointly, and, among other matters, set up a claim of recoupment, basing it upon the fact that after the installation of the ice

making tank by the plaintiff, the freezing coils thereof broke, causing a loss to the Leonard company of large quantities of brine and ammonia gas, and that the breaking of these coils was due to poor workmanship and the use of defective material. At the close of the trial plaintiff's counsel moved the direction of a verdict for the full amount of its claim, upon the ground that, even if it was true that the Leonard company had suffered damages by reason of the matters specified in defendants' answer, that company had no legal right to counter-claim under a contract between plaintiff and Van Voorhis, to which it was not a party. The trial judge, being in doubt as to the proper disposition to be made of this motion, reserved decision upon it, and left it to the jury to find specially whether or not the break in the freezing coils was due to defective material or workmanship, and if it was, then the damages suffered by the Leonard company by reason of such break. The jury found that the break was due to the causes specified, and that the loss sustained by the Leonard company as the direct result thereof was $589.09. Subsequent to the rendition of this verdict the trial judge, having reached the conclusion that the loss suffered by the Leonard company could not be made the subject of a recoupment in the present action, directed judgment to be entered in favor of the plaintiff for the full amount of its claim—generally, against the builder, and specially, against the owner.

From the judgment entered in accordance with this direction the defendants appeal.

Our Mechanics' Lien law permits but a single judgment to be entered against both builder and owner, so far as the amount thereof is concerned. In other words, it is only for the amount recoverable by the plaintiff against the builder that a special judgment can be entered against the owner. The real question between the parties, therefore, is whether Van Voorhis was entitled to have deducted from the contract price claimed by the plaintiff the damage sustained by the Leonard company through the plaintiff's failure to supply proper material and workmanship as required by its contract; and that, in turn, depended upon whether the Leonard com-

pany could recoup those damages in an action brought against it by Van Voorhis on the primary contract.

That contract was not introduced into the case, but it is apparent that it must have called for the installation of an ice making tank such as was required by the provisions of the contract between Van Voorhis and the plaintiff; for otherwise the plaintiff would have had no right of lien upon the property of the Leonard company for the debt due to it from Van Voorhis. *Mechanics' Lien law,* § 7; *Comp. Stat., p.* 3299. The assertion by the plaintiff, therefore, of its right to lien is tantamount to an admission that what it did under its subcontract was in execution of the provisions of the primary contract. We do not mean to say that an express guaranty of work and materials is presumed to have been embodied in the primary contract. But its absence is immaterial; for where the contract fails to so specify there is an implied agreement that the work shall be done in a proper and workmanlike manner. 30 *Am. & Eng. Encycl. L.* (*2d ed.*) 1233, and cases cited.

The one hundred and fifth section of our Practice act (*Comp. Stat., p.* 4084) provides that in an action upon a contract, whether under seal or not, "the defendant may recoup all damages which he may have sustained by reason of any cause of action arising out of the contract or transaction which is the subject of the action." By virtue of this statutory provision the Leonard company would be entitled, in an action brought against it by Van Voorhis on the contract between them, to set up as a defence by way of recoupment the loss sustained by it arising out of the use of defective material, or of bad workmanship, in the performance of that contract; and this whether the materials were furnished and the work done by him directly or through the agency of a subcontractor. And this being so, it necessarily follows, as we have already stated, that in the present action the builder is entitled to recoup from the plaintiff the loss sustained by him in the diminution of the price fixed in the primary contract through the default of the latter. To hold otherwise would be to compel the primary contractor to bear the loss, which arose

out of no personal failure of performance on his part, and permit the plaintiff to recover as on a full performance of its contract, notwithstanding its breach thereof, to the damage of the primary contractor. The mere statement of such a result is sufficient to show that it can have no support in the law.

It is argued by counsel for the plaintiff, and was conceived by the court below, that the matter under discussion was controlled by the decision of the Court of Errors and Appeals in *Naylor* v. *Smith*, 63 *N. J. L.* 596. But that case is not in point. The single question there was whether the builder, when sued under the Mechanics' Lien act, may set-off claims due to him from the plaintiff in a different right— that is, claims that have accrued in transactions other than that in which the plaintiff has filed the lien upon which his action is based. The conclusion reached was that the right of set-off could not be taken advantage of in an action under the Mechanics' Lien law. The present question is an entirely different one, namely, whether the builder may recoup damages which he may have sustained by reason of breach by the subcontractor of the very contract upon which the subcontractor's action is founded. And this question, for the reasons which we have stated, we think must be answered in the affirmative.

The judgment under review must be reversed, and the record remitted to the Circuit Court with instructions to amend the judgment by deducting therefrom $589.09, found by the jury to be the amount of the damages suffered by the Leonard Hygiene Ice Company by reason of the default of the plaintiff, together with a proper allowance of interest upon that amount.