ISAAC DRUMMOND AND ANOTHER. EXECUTORS. APPELLANTS, v. RICHARD H. HUGHES, RESPONDENT.

Submitted March 25, 1918—Decided June 17, 1918.

Where work is done under a written contract and specifications, and some of the work is defective, the contractor is only liable for the cost of such replacement as is necessary to make the work as good as was contemplated by the original contract and specifications.

---

On appeal from the Supreme Court.

Action by the executors of Wise to recover damages for the failure of Hughes to perform properly a contract for the

building of a dwelling-house. The dwelling was completed in June, 1912, and occupied some time before that by Wise's family. The architect, pursuant to the contract, gave a certificate for the final payment September 28th, 1912, and the executor made the payment October 9th, 1912. During the interim between the completion of the house and the final payment, there was a continuous dispute about the plaster. This continued after the payment, and in 1915 the defendant seems to have been willing to bear part of the expense of making some small repairs. The plaintiffs, however, proceeded to put on new plastering and in 1916 brought this action.

For the appellants, *Durand, Ivins & Carton.*

For the respondent, *Wilbur A. Heisley.*

The opinion of the court was delivered by

SWAYZE, J. 1. The first ground of appeal cannot be considered. It embraces a large part of the charge, nearly two printed pages, including several distinct propositions. The reason for condemning that practice is as strong under our present procedure as it was when the method of review was by writ of error. As to bills of exception, see *Oliver* v. *Phelps,* 21 *N. J. L.* 597; *Associates of the Jersey Co.* v. *Davison,* 29 *Id.* 415; and as to the application of the rule to assignments of error, see *Fivey* v. *Pennsylvania Railroad Co.,* 67 *Id.* 627, 636; *Defiance Fruit Co.* v. *Fox,* 76 *Id.* 482-491.

2. The second ground of appeal is that the judge erred in charging that the plaintiffs had no right to substitute patented plaster for plaster provided for in the specifications. If we take the charge in its literal terms, the proposition is correct. The plaintiff had no such right. His right was to make good his damage if he had suffered any; but this was very far from a wholesale substitution of patented plaster for that put on in accordance with the specifications. If, however, we discard this literal construction and take the charge as it was intended and as the jury must have understood it,

the judge only meant to say, as he immediately did say, that "the plaintiffs could not recover for the reasonable cost of the patented plaster;" that they could not adopt such a plaster, *i. e.,* one "which had never been contemplated by the specifications, and require the defendant to pay for it." He then charged the legal rule correctly as follows: "If there was defective work with respect to the plastering performed by the contractor, the defendant in this case, the plaintiffs were entitled to have that replaced with the plaster under the terms of the specifications in order to make the work good as contemplated by the original contract, and to be paid by the defendant or to claim of the defendant a reasonable sum for the expense so incurred."

3. The third ground of appeal is that the judge erred in charging that cracks are not inconsistent with a good and workmanlike job. This is a misstatement of the charge. What the judge said was: "You may as men of common sense reach the conclusion under the evidence that those cracks were no evidence of defective work; in other words, that they were the ordinary and customary cracks that appear in a new construction due to causes for which the contractor cannot be in fact held responsible. In other words, you may conclude that such cracks are not inconsistent with a good and workmanlike job." We know no reason why this question might not properly be left to the jury, as the judge in fact left it.

4. It is no legal error to fail to call attention to a fact which one of the parties thinks important. The judge is under no obligation to state one fact rather than another. There was no legal error in the omission complained of.

5. The fifth ground of appeal is that the judge erred in charging that if Rockland lime was used by the direction of the architect, and proved to be unsatisfactory, defendant was not responsible. This is an inaccurate statement of what the judge said. What he charged was: "If Rockland lime was used by the direction of the architect, no criticism can be made of the defendant by the plaintiffs. They were bound by the architect's direction in that respect." We do not know

how the judge could have charged otherwise under the terms of the contract.

6. The sixth ground of appeal is that the judge erred in charging that the defendant was obliged to follow the plans and specifications even though the materials or work called for by such plans and specifications were defective and would not give a good workmanlike job. This again is an inaccurate statement of what the judge said. He charged: "If the sagging of the walls and the falling of the plaster was due to insufficient support through joists or timbers, even though the defendant put them in, but if the specifications called for them, this defendant cannot be held responsible in this case. In other words, if the defendant simply complied with the terms of the specifications, and the architect, through a mistake, provided for timbers in this specification which were insufficient to properly carry the weight of this building where it was necessary to have such support, and as a result, the natural and proximate cause of those insufficient timbers, the cracks occurred and the plaster fell, then this defendant is not responsible in the law and no verdict can go against him."

In short, the plaintiff was entitled to the house he bargained for and not a better house. If the contract and specifications are not to be the builder's guide, he has none, and the owner may contract for a thousand-dollar house and demand a ten-thousand-dollar house. A good workmanlike job is a job properly executed; whether the result is what it should be depends on the plans and specifications.

7. The seventh ground of appeal is that the judge erred in charging that the approved brand of lime called for in the specifications contemplated a brand of lime approved by the architect, instead of an approved brand of lime or brand approved in the trade. With this may be coupled the eighth ground of appeal, that the judge failed to charge that the defendant was required to procure an approved brand of lime for the building without regard to the approval of the architect. It is enough to say that the contract required the defendant to remove from the premises within twenty-four hours after receiving written notice from the architect, all materials

condemned by them. This necessarily involved the use of materials which had the approval of the architect, and when the words "approved brand of lime" were used they necessarily meant approved by the architect, who had the power to condemn. The Rockland lime was bought by the architect's orders and inspected by him.

We find no error. Let the judgment be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, JJ. 14.

*For reversal*—None.