JOHN D. REESE, PLAINTIFF, v. THE KLINE BUILDING AND CONSTRUCTION COMPANY, A CORPORATION OF NEW YORK, LICENSED TO TRANSACT BUSINESS IN NEW JERSEY, DEFENDANT.

Submitted January 24, 1930—Decided April 18, 1930.

Before Justices PARKER, BLACK and BODINE.

For the plaintiff, *Jerome J. Dunn.*

For the defendant, *Feder & Rinzler.*

PER CURIAM.

This suit arises out of a written contract for excavation and grading. The amount to be paid was $2,500 payable on the completion of the work with the privilege to the defendant of making payments from time to time as the work progressed, and the balance, if any, upon the completion of the job. The contract called for the filling in to grade of a street certain lots numbered upon a map which was fully identified, and then follows this clause: "The party of the second part [plaintiff] will also cut down any hills or banks on the property * * * wherever same are indicated by the party of the first part." The plaintiff went to work and claims to have

filled in all the lots specified in the manner required, although this was denied by the defendant and, as will be seen, the jury were inclined to believe that the filling in portion of the contract had not been fairly completed. An important controversy at the trial related to the clause about cutting down the hills or banks. The defendant claims, and the plaintiff admitted, that he had not cut down any hills or banks and the plaintiff's explanation of this was that no hills or banks had been indicated for him to cut down until after he had announced his work as finished and asked for his money. The defendant had paid $1,100 on account of the $2,500 contract price and the suit was for the difference.

Assuming for present purposes, without deciding that the jury were justified in finding as their verdict seems to indicate, that the claim of defendant's non-performance was unsubstantial so far as related to the failure to cut down hills and banks, nevertheless we think the verdict cannot be sustained because the case shows plainly that the jury were not inclined to award the plaintiff the full amount of his claim but were compelled to do so by error of the court. The case shows that the jury sent in a question to the court asking whether they could give Reese a judgment for a less amount than the balance alleged due. The court re-called them and charged as follows: "Now, if you conclude that he has performed his contract, he is entitled to the full sum. If he has not performed his contract, then, of course, he is not entitled to recover anything, because, before a man can recover he must do all things necessary under the contract." In charging the jury as he did in reply to this question the trial judge evidently overlooked the rule of substantial performance applicable in cases of working contracts, that if the contractor substantially complies with the contract, even though he has failed in some minor particulars, he is entitled to recover the contract price less what will be a fair allowance to the owner to make good the defects in the performance of the contract. *Feeney* v. *Bardsley*, 66 *N. J. L.* 239; *Brannworth* v. *Verona*, 94 *Id.* 194, and cases cited. As has been said, the jury were clearly disposed to make some reduction in the recovery because of shortage in the performance and were prevented from

doing so by this charge. Naturally, we cannot tell what reduction they had in mind; and while there was no exception to this charge, none is necessary on a rule to show cause where the court, in its discretion, may relieve against error without the strict formality of an exception.

We think the error was sufficient to vitiate the verdict and consequently the rule to show cause will be made absolute.