GLOBE HOME IMPROVEMENT COMPANY, PLAINTIFF-APPELLANT, v. JOSEPH MICHNISKY ET AL., DEFEND-ANTS-RESPONDENTS.

Argued January 19, 1938—Decided May 14, 1938.

Before Justices CASE and DONGES.

For the plaintiff-appellant, *Silber & Silber.*

For the defendants-respondents, *Erwin E. Marshall* and *Nathan N. Schildkraut.*

The opinion of the court was delivered by

DONGES, J. This is a suit upon a written contract by which plaintiff agreed to do certain work upon the house of the defendants, as follows: "Cover 4 sides with J & M Asbestos 12 x 24 Gray using bevel boards. Tar Felt sheathing. Cement all windows and doors. Zinc on corner. Slate surface roofing on tin roof over kitchen. Flat part. First

payment 2 months after completion on the premises located at \* \* \* for the total amount of \* \* \* dollars ($370 & int.)." During the progress of the work defendants objected to certain parts of the work. The plaintiff made some changes, but defendants expressed dissatisfaction and assert that they never accepted it.

The particulars complained of appear to be that bevel boards were not used at every shingle, that back strips were not used, that some shingles were cracked, that cement was not properly applied and that tar felt sheathing was not used.

The court below made no findings of fact. The record discloses that the trial judge expressed a desire to inspect the premises. The trial took place on October 11th, 1937, and judgment of no cause of action was entered on December 28th, 1937.

In *Dyer* v. *Lintz,* 76 *N. J. L.* 204, it was said:

"These contracts may be considered akin to building contracts. Where the labor and materials of the contractor go to form an addition to lands, the right of the owner of the lands to refuse to accept such work cannot well be exercised without doing injustice to one party or the other. Hence, in such class of contracts the rule requiring an absolute completion of the contract before the right to payment could be enforced has been modified. *Bozarth* v. *Dudley,* 14 *Vr.* 304.

"In *Feeney* v. *Bardsley,* 37 *Vr.* 349 (Court of Errors and Appeals), it was held that if the contractor did not substantially comply with the contract he could not recover, but if there had been a substantial performance of the contract, even though there was failure in some minor particulars, the contract price might be recovered, less a fair allowance to the owner to make good the defects. This, we think, is the true rule, and that in the absence of a finding that the contracts in question had not been substantially complied with, the plaintiff was entitled to judgment for the contract price, less an allowance sufficient to make good any defective workmanship. What this allowance should be it was the duty of the defendant to establish, if he sought to take advantage of the defects relied upon as a defense."

In the instant case, there was no testimony as to the cost of making good the alleged defects. It was merely asserted that the work was not done in a good workmanlike manner as required by the contract. There was no testimony as to the extent that the work was defective. That some of the work was not subject to objection was conceded. It does not appear from the testimony that there was not substantial compliance. Plaintiff's witnesses testified that the work was in all respects in compliance with the contract and the work done in a workmanlike manner. Defendants and their witnesses criticised certain features of the job, but did not assert that the contract was not substantially performed. There was, therefore, no basis in the evidence for the finding for the defendants.

In this situation, we think the judgment should be reversed, and a new trial ordered, costs to abide the event.