12 N.J. Super. 338 (1951)
79 A.2d 699
JOSEPH PALMERI AND JOHN LOMBARDO, PLAINTIFFS-RESPONDENTS,
v.
CHARLES ALBANESE, VIOLA ALBANESE, AND JOSEPH ALBANESE, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued February 26, 1951.
Decided March 9, 1951.
*340 Before Judges McGEEHAN, JAYNE and WM. J. BRENNAN, JR.
Mr. Jack Rinzler argued the cause for plaintiffs-respondents (Messrs. Feder & Rinzler, attorneys).
Mr. Aaron Heller argued the cause for defendants-appellants (Messrs. Heller & Laiks, attorneys).
The opinion of the court was delivered by WILLIAM J. BRENNAN, JR., J.A.D.
A judgment for $1,245 was entered June 30, 1950, against defendants in the Law Division, Bergen County. Defendants appeal that judgment to the extent only of $1,000 thereof.
Defendant, Charles Albanese, a plumbing contractor, contracted with plaintiffs under two agreements to furnish, for a consideration of $8,300, labor and material in the installation of plumbing, gas heating and gas piping in three buildings in Clifton.
On June 20, 1947, the parties entered into a third agreement, and defendants, Viola and Joseph Albanese, signed a written guarantee of Charles Albanese's performance thereof. The agreement recites that Charles Albanese "is unable to complete said jobs by reason of the fact that the cost of so doing is in excess of the agreed price by the sum of Two Thousand ($2,000) Dollars," that plaintiffs had "paid on account of the agreed price the sum of Seven Thousand Three Hundred Fifty ($7,350) Dollars leaving a balance of Nine Hundred Fifty ($950) Dollars," that plaintiffs were paying said balance "plus an additional One Thousand ($1,000) Dollars as a contribution to the increased cost of the said work," that Charles Albanese accepted the total sum of $1,950 "in full payment for all material and work done and to bring *341 the jobs to full completion," and further, "It is understood and agreed between the parties hereto that the additional sum of One Thousand ($1,000) Dollars is being paid * * * upon the express agreement that (Charles Albanese) will complete the said jobs within thirty (30) days and that in the event of failure to do so * * * (he) shall be liable for the return of the said One Thousand ($1,000) Dollars * * *." (Italics supplied.)
Plaintiffs' complaint alleged the failure of defendant Charles Albanese to complete the work within 30 days of June 20, 1947, and also alleged that some of the work had not been properly performed, and sought a judgment for $1,000 plus damages for uncompleted and for defective work. At the pretrial conference the parties made an agreement, incorporated in the pretrial order, to submit to arbitration, pursuant to R.S. 2:40-1 et seq., the issue whether any work had been defectively performed and also the question "whether or not the work was performed according to the contract" of June 20, 1947, "within 30 days from June 25 (sic) 1947, except that the defendants admit that they did not, within the 30-day period or at any time, supply radiator grills."
The arbitrators found, and reported, that some work had been defectively done and allowed plaintiffs damages of $30; and further found that the work had not been fully completed, specifying the particulars, and made an award that the uncompleted work should be done within 30 days from the confirmation of the award by the court or, in the alternative, that defendants should pay the value thereof, fixed by the arbitrator at $215. The award and report were confirmed and, defendants not having availed themselves of the option to complete the work, judgment for $245 plus the $1,000 required by the contract of June 20, 1947, to be returned was entered against defendants.
Defendants' first point is that the contract of June 20, 1947, is a contract for labor and materials which was substantially performed and that Charles Albanese was liable only to the extent of $245, the total of the $30 awarded for *342 defective work plus the value fixed by the arbitrators of the work not performed. Globe Home Improvement Co. v. Michnisky, 120 N.J.L. 233 (Sup. Ct. 1938). The principle of that case is not applicable here. The contractor's legal obligation to supply labor and material was not created by the June 20, 1947, agreement; that agreement obligated Charles Albanese to do no more or different work than he was already legally bound to do under the earlier contracts. There was no intention to abandon the earlier agreements and to substitute the June 20, 1947, contract as a new agreement covering the work to be performed. Finocchiaro v. D'Amico, 8 N.J. Super. 29 (App. Div. 1950); Restatement, Contracts, vol. 1, sec. 76, illustration 8 (1932); Williston, Contracts, vol. 1, secs. 130 and 130A (Rev. ed. 1936). The parties' intent in making the June 20, 1947, agreement was plainly to agree upon a time for full completion of the work the contractor was to perform not by force of that agreement but under the earlier contracts. Nothing in the record discloses what, if any, provisions of the earlier contracts governed the time of completion.
The rule applicable to contracts generally is that an absolute completion of performance must be proved before the right to payment can be enforced. An exception is made in the case of building contracts and contracts for labor and material which go to form an addition affixed to lands, as to which contracts recovery is allowed upon proof of a substantial performance after a fair allowance to the owner to make good the defects. The basis of that modification of the general rule is that "Where the labor and materials of the contractor go to form an addition affixed to lands, the right of the owner of the lands to refuse to accept such work cannot well be exercised without doing injustice to one party or the other." Dyer v. Lintz, 76 N.J.L. 204 (Sup. Ct. 1908).
The general rule, not the exception, however, applies to the June 20, 1947, agreement which touches the time of performance of the work agreed to be done under the original contracts. In the circumstances, if the $1,000 had not been paid, but had been merely promised, for bringing the jobs to *343 full completion within 30 days, the contractor could not have recovered that sum from plaintiffs upon less than complete performance of the work. So, a showing merely of substantial performance does not entitle Charles Albanese to retain the payment in the face of his express promise to "return" the sum upon his failure within 30 days "to bring the jobs to full completion."
Defendants' second and last point is that the parties agreed upon the $1,000 as the measure of damages to be paid for the contractor's breach, and that that sum is disproportionate to the actual loss as found by the arbitrators and is thus a penalty and not recoverable. There is no penalty involved here. There is a simple contract under which the contractor was obliged to return the one thousand dollars entrusted to him in the event of his failure to perform the contract condition.
Affirmed.