20 N.J. Super. 85 (1952)
89 A.2d 255
R. KREVOLIN & CO., INC., PLAINTIFF-APPELLANT,
v.
FRANCIS J. BROWN AND DOROTHY J. BROWN, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued May 26, 1952.
Decided June 9, 1952.
*87 Before Judges EASTWOOD, BIGELOW and FRANCIS.
Mr. Abraham Greenberg argued the cause for the plaintiff-appellant (Messrs. Shmerelson & Greenberg, attorneys).
Mr. Angelo A. De Persia argued the cause for the defendants-respondents.
The opinion of the court was delivered by EASTWOOD, S.J.A.D.
The question raised by this appeal is whether the plaintiff substantially performed the contract entered into with the defendants. The Camden County District Court, sitting without a jury, decided, at the conclusion of the entire case, that the plaintiff had not performed the contract to the satisfaction of the defendants and, therefore, it was not entitled to payment and thereupon dismissed the action. The plaintiff appeals from the ensuing judgment.
The parties entered into a written agreement wherein the plaintiff "agrees to do work upon the defendants' premises, 344 North 41st Street, Camden, N.J., in accordance with the specifications hereinafter set forth" for the sum of $620. The specifications referred to in the contract read: "Install asphalt shingle brick shape on all exterior walls of house and exterior side walls of house. No shingles on porch."
The plaintiff contends that it fully performed the work required of it in the contract in a workmanlike manner and is, therefore, entitled to payment. The defendants contend that the plaintiff failed to substantially perform the contract and that they are relieved from all liability to the plaintiff.
*88 It will be noted that the specifications hereinabove recited are very inadequate. Consequently, there is an implied agreement that the work will be done in a proper and workmanlike manner. Mayer Ice Mach. & Eng. Co. v. Van Voorhis, 88 N.J.L. 7 (Sup. Ct. 1915).
There was evidence before the court that the defendants, during the course of the work, objected to the type of workmanship and were assured that the plaintiff would correct it so far as they had come; that the job was completed without correcting the work complained of; that the brick siding was nailed directly to the house which was sheathed with German clapboards without any tar paper thereunder or baffle boards to which to nail the siding, thereby leaving many of the nails protruding and making the entire appearance of the outside of the house "wavey," rathen than smooth and even as it should have been. In addition to their own testimony, the defendants offered the testimony of one Mitchell Piontek, an experienced builder, who had examined the completed job and who testified that it was not a good workmanlike application of the siding and without objection, stated: "That is very flexible building, no doubt about being flexible. It calls for baffle board underneath each and every course to give smooth and sound job." "* * * I never seen it put on German siding without using paper or anything underneath it like they did"; that never in his 20 years' experience had he known of this particular type siding being placed on German siding without filling in; that if the contractor knew what it was doing, "they certainly would never use cornice like that, because there is special cornice used for that particular kind of siding, * * * I only use it on roofs, never seen it put on edge of house like that"; that "* * * due to the fact there was no baffle boards back there, naturally they can't drive the nails all the way in because if they did they would make ripples in the house look very conspicuous." The photographs offered in evidence are mute testimonial to the nonperformance of the contract. The plaintiff adduced testimony *89 that three different contracts were discussed with defendants and they chose the cheapest job and it insists that the work was done properly within the terms of the contract entered into. Strangely enough, on June 11, 1951, after the completion of the work, the plaintiff, in reply (copy of which was sent to the defendants) to a letter written to it by the Camden City Building Inspector, regarding a complaint received by him from the owners, stated:
"This work was started and partially completed to the satisfaction of the owners. When the work was about to be completed, the customers complained that they were not satisfied. Under the circumstances and according to the specifications the job was being done as well as possible; however certain adjustments could be made.
In your letter of the 5th, you requested that we inspect the job; which we did, and we spoke to Mr. Brown and explained that we are willing to do the entire job over to meet with the satisfaction of the Bureau of Building Inspection as well as himself. However, he refused permission to permit us to do any other work."
The testimony was conflicting and the trial court had the opportunity and advantage of observing the witnesses and was in a position to evaluate their credibility to a greater extent than an appellate tribunal. His findings of fact are entitled to great weight. The credibility of witnesses is an important consideration in the determination of factual issues. "While an appellate court is not bound by a finding of fact made by the trial court it is required to give due regard to the opportunity of that court to observe the demeanor of a witness and to judge of his credibility. In re Perrone, 5 N.J. 514, 523 (1950)." de Vries v. The Evening Journal Ass'n., 9 N.J. 117, 120 (1952); Gellert v. Livingston, 5 N.J. 65, 78 (1950); Rule 1:2-20; 4:2-6.
Of course, if the evidence establishes the fact that the plaintiff substantially performed its contract, "even though he has failed in some minor particulars, he is entitled to recover the contract price less what will be a fair allowance to the owner to make good the defects in the performance of the contract." Reese v. Kline Bldg. & Const. Co., 8 N.J. Misc. 296, 149 A. 826, 827 (Sup. Ct. 1930); *90 Globe Home Improvement Co. v. Michnisky, 120 N.J.L. 233 (Sup. Ct. 1938); Palmeri v. Albanese, 12 N.J. Super. 338 (App. Div. 1951). On the other hand, the law is settled that it looks to the spirit of the contract and not the letter of it and the question, therefore, is not whether the party has literally complied with the contract, but whether he has substantially done so.
"Generally speaking, partial performance of an entire and indivisible contract by one of the parties does not entitle him to performance of the contract by the other and does not warrant a recovery by the former against the latter upon the contract. Full or substantial performance of the promise of one party is a condition precedent to the right to maintain an action on the promise of the other unless the promise of the latter is independent of any performance by the former." 12 Am. Jur., Contracts, sec. 344, p. 903.
Also see 3 Williston on Contracts, (Rev. ed.), sec. 805, p. 2256, wherein, at p. 2262, it is stated:
"Where the rule of substantial performance prevails it is essential that the plaintiff's default should not have been willful: and the defects must not be so serious as to deprive the property of its value for the intended use nor so pervade the whole work that a deduction in damages will not be fair compensation."
Cf. Restatement of the Law of Contracts, sec. 274, 275, pp. 399-402. The rule in New Jersey that the contractor's right to payment will be defeated if the proofs do not show a substantial performance, is stated in the case of Feeney v. Bardsley, 66 N.J.L. 239 (E. & A. 1901). Therein, Mr. Justice Van Syckel, speaking for the court, at p. 240, held that the following instruction of the trial judge to the jury is strictly in accordance with the views expressed by Mr. Justice Magie in the Supreme Court, in Bozarth v. Dudley, 15 Vroom 304:
"* * * if a builder contracts to erect a two story and a half house, and he erects only a one story and a half house, he cannot recover, although he has added value to the owner's property. But, if the contractor has substantially performed his contract, even though he has failed to do so in some minor particulars, he is entitled *91 to recover the contract price, less what will be a fair allowance to the owner to make good the defects in the performance of the contract.
* * * if there was not a substantial compliance with the contract, the jury could find a verdict for the contractor for what the building was reasonably worth, if the owner had accepted the house; but that in determining the question of acceptance it was not sufficient to find that the owner was occupying it it is a house built upon his land, and, unless he tears it down, he must make some use of it, so that the jury must find some positive act on his part showing an intention to accept it."
The plaintiff relies upon the cases of Dyer v. Lintz, 76 N.J.L. 204 (Sup. Ct. 1908); Globe Home Improvement Co. v. Michnisky, supra; Schauffelee v. Greenberg, 82 N.J.L. 343 (Sup. Ct. 1912); Drummond v. Hughes, 91 N.J.L. 563 (E. & A. 1918) and Korman v. Livesey, Ibid. 699 (E. & A. 1918). The correctness of the rule laid down in the cited cases is conceded. However, these cases are based on the premise that the proofs showed that the contractor had substantially performed his contract. In such a situation, the contractor is entitled to recover, less what will be a fair allowance to the owner to make good the defects in the performance of the contract. Here, however, the proofs establish that the plaintiff did not substantially perform its contract. Its offer, made through the building inspector to the owners, to do the job completely over again, clearly constitutes an admission on the part of the plaintiff that the contract was not substantially performed.
The plaintiff contends further that because of the defendants' refusal to permit them to do the work over again, it is entitled to payment. Of course, if the defendants had hindered or prevented the defendant from substantially performing the contract, then, under the New Jersey rule, the plaintiff would have been entitled to recover. Restatement of Contracts, sec. 295, p. 438; and New Jersey cases cited in the annotations thereto, at p. 152, viz.: Atlantic City v. Farmers', etc., Co., 96 N.J.L. 504 (E. & A. 1921); Ryan v. Remmey, 57 N.J.L. 474 (Sup. Ct. 1895); Potts v. Point *92 Pleasant Land Co., 49 N.J.L. 411 (Sup. Ct. 1887). However, the proofs here do not show that the plaintiff was hindered in or prevented from performing its contract. The refusal of the owners to make payment and permit the plaintiff to do the work over again was after the work had been completed by the plaintiff and there is no proof of any hindrance during the course of the work.
The plaintiff contends that the trial court, in deciding the issue, applied an erroneous principle of law. Conceding arguendo, that the trial court may have applied an erroneous legal principle to the case, that, in itself, does not vitiate the judgment. If the trial court correctly decided the issues between the parties, then it is immaterial whether in doing so, he based it upon some erroneous legal principle. The controlling rule is laid down in the case of McCarty v. West Hoboken, 93 N.J.L. 247 (E. & A. 1919), wherein it is stated at p. 248:
"The question to be determined upon review in an appellate court is always as to the propriety of the judicial action of the court below, and not the soundness of the reason which prompted it. Gillespie v. Ferguson Company, 78 N.J.L. 470; Sadler v. Young, Id. 594; Brientnall [Breintnall] v. Sadler, 82 Id. 405; Pierson v. N.Y. & S.W.R. Co., 83 Id. 661; McAndrews & Forbes Co. v. Camden, 78 N.J. Eq. 244.
It must be perfectly obvious that if the court below reached a right conclusion, even if upon a wrong reason, the judgment should not be disturbed; and therefore it is that errors may be assigned upon matters in the record only, and not upon the reasoning which induced the rendering of the judgment under review."
Cf. Burhans v. Paterson, 99 N.J.L. 490, 492 (E. & A. 1924). In the recent case of Hughes v. Eisner, 8 N.J. 228 (1951), it is stated:
"* * * He voices dissatisfaction with the opinion of the Appellate Division. Appeals, however, are taken from judgments and not from opinions. * * *"
The judgment is affirmed, with costs.