41 N.J. Super. 366 (1956)
125 A.2d 302
ROCCO DAMATO AND ROSARIO DAMATO, PARTNERS, TRADING UNDER THE FIRM NAME AND STYLE OF DAMATO'S GAS STATION AND GARAGE, PLAINTIFFS-RESPONDENTS,
v.
LEONE CONSTRUCTION COMPANY, INC., A CORPORATION, DEFENDANT, AND UNITED STATES OF AMERICA, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued August 6, 1956.
Decided September 4, 1956.
*368 Before Judges SPEAKMAN, ARTASERSE and HANEMAN.
Mr. Charles A. Hoens, Jr., argued the cause for appellant United States of America (Mr. Raymond Del Tufo, Jr., attorney).
Mr. Gustave A. Peduto argued the cause for plaintiffs-respondents (Mr. Charles A. Rooney, attorney).
Mr. Harry Nadell argued the cause for defendants-respondents Dan Kommit, Andrew Consiglio, New Jersey Enameling Corporation, J. Turco Paving Contractor, Inc., Matty Lee, trading as Lee Electric Co., Brunell Lumber & Millwork Co., Peter Giaccio, trading as Star Roofing Co., Edmund Engelke and Ernest J. Sonzogni, trading as Sonzogni-Engelke Co., Clark Door Company, Inc., and Selvin Israel and Emilie Israel, trading as Union Glass Co. (Mr. Joseph L. Conn, on the brief).
The opinion of the court was delivered by HANEMAN, J.S.C. (temporarily assigned).
On September 12, 1951 the District Director of Internal Revenue *369 at Newark, New Jersey, received an assessment list from the Commissioner of Internal Revenue, which list demonstrated that Leone Construction Company, Inc. (hereinafter referred to as Leone) owed the United States withholding taxes on the second quarter of 1951 payrolls in the amount of $3,928.81. A federal tax lien was thereafter filed against Leone on November 20, 1951 in the Bergen County Clerk's Office, Book 9, page 468.
On December 3, 1951 the District Director of Internal Revenue at Newark, New Jersey received an assessment list from the Commissioner of Internal Revenue, which list demonstrated that Leone owed the United States withholding taxes on its third quarter of 1951 payrolls in the amount of $3,058.62. A federal tax lien was thereafter filed against Leone on February 14, 1952 in the Bergen County Clerk's Office, Book 10, page 133.
On June 27, 1952 the District Director of Internal Revenue at Newark, New Jersey, received an assessment list from the Commissioner of Internal Revenue, which list demonstrated that Leone owed the United States withholding taxes on its first quarter of 1951 in the amount of $5,830.92. A federal tax lien was thereafter filed against Leone on October 10, 1952 in the Hudson County Register's Office, Book 5, page 549.
On August 19, 1953 Leone entered into a contract with the plaintiffs Rocco Damato and Rosario Damato, trading under the name of Damato's Gas Station and Garage (hereinafter referred to as Damato), for the erection of a gas station for said plaintiffs on premises owned by them at Seventh Street and Newark Avenue, Jersey City, New Jersey, for the sum of $26,238. By reason of certain extras agreed upon between the parties, the total sum of the contract was increased to $27,961.10. Of this sum Damato paid $18,827, leaving a balance of $8,134.10.
All of the defendants, with the exception of Star Roofing Co., Clark Door Company, Inc., and Union Glass Co. had, before undertaking any work on their subcontracts with Leone, filed mechanic's notices of intention. J. Turco Paving *370 Contractor, Inc. was the sole contractor or materialman who filed a lien claim pursuant to N.J.S. 2A:44-91. The last work under the contract was performed on March 5, 1954, after which date Leone apparently abandoned its contract. On March 10, 1955 plaintiffs filed a complaint by way of interpleader, seeking to deposit the balance of $8,134.10 above referred to into court. The appellant United States of America intervened in this action. On a motion for summary judgment, the court granted judgment for the plaintiffs in interpleader. At the plenary trial held thereafter, the court concluded that the appellant's contention that it was entitled to prior payment by virtue of its federal tax lien was without merit, and judgment was entered in behalf of the defendant subcontractors.
The court found that on March 5, 1954 the work left unfinished would have required the expenditure of $4,134.50. (Damato concedes error in this figure, and that it should be $3,862), which included the completion of the outside porcelain work, concrete driveways, repair to roofing (should have been for electrical work), installation of heating, repairs to defective overhead doors, and to remove an encroachment in order to comply with the terms of the contract. Other damages also were claimed, but there was no proof of their amount.
During the progress of the construction the New Jersey Turnpike condemned the premises, and in order to give clear title, plaintiffs agreed, at the request of the Turnpike Authority, to hold certain monies in escrow to satisfy the claims of subconstractors in return for the latter discharging their mechanic's notices of intention, lien claim, and any rights under the Mechanic's Lien Law. In reliance upon this agreement the subcontractors did execute the required discharges of their rights to effectuate the above purpose.
The statute under which the appellant claims its right to priority reads as follows:
"§ 3670. * * * If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, penalty, additional amount, or addition to such tax, together *371 with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person."
"§ 3671. * * * Unless another date is specifically fixed by law, the lien shall arise at the time the assessment list was received by the collector and shall continue until the liability for such amount is satisfied or becomes unenforceable by reason of lapse of time."
"§ 3672. * * * (a) Invalidity of lien without notice. Such lien shall not be valid as against any mortgagee, pledgee, purchaser, or judgment creditor until notice thereof has been filed by the collector 
(1) Under State or Territorial Laws. In the office in which the filing of such notice is authorized by the law of the State or Territory in which the property subject to the lien is situated, whenever the State or Territory has by law authorized the filing of such notice in an office within the State or Territory * * *."
The sole question here involved is whether there were in the hands of the plaintiffs any "property and rights to property, whether real or personal, belonging" to Leone.
It is the contention of the respondents that Leone failed to substantially perform its contract and that there was, therefore, no property or rights to property vested in it.
At the outset it must be recognized that the rights of the United States do not extend beyond those of the taxpayer whose alleged right to property is sought to be levied on. The lien of the Government can rise no higher than the right of the contractor. Bankers Title and Abstract Co. v. Ferber Co., 15 N.J. 433 (1954).
The question of the legal efficacy of the liens of the subcontractors is of no moment if, as respondents contend, Leone had no right to any of the monies here involved. The primary question is  are there any monies due Leone?  rather than  to whom are the monies due, if not to Leone, under the contract?
Partial performance of an entire and indivisible contract by one of the parties does not generally entitle him to performance of the contract by the other party nor warrant a partial recovery of the consideration unless there has been a substantial performance. If Leone substantially performed his contract, "`even though he has failed in some *372 minor particulars, he is entitled to recover the contract price less what will be a fair allowance to the owner to make good the defects in the performance of the contract.'" R. Krevolin & Co., Inc., v. Brown, 20 N.J. Super. 85 (App. Div. 1952).
3 Williston on Contracts (rev. ed.), sec. 805, p. 2262, reads as follows:
"Where the rule of substantial performance prevails it is essential that the plaintiff's default should not have been willful; and the defects must not be so serious as to deprive the property of its value for the intended use nor so pervade the whole work that a deduction in damages will not be fair compensation."
Here the finding of the trial judge that there was no substantial performance was amply justified by the facts. Nor can the United States find any comfort in the operation of the gas station by Damato for a period of time in its incomplete state. In the light of the circumstances, this cannot be deemed either an acceptance or a waiver.
The judgment is affirmed.