JAMES B. DYER v. ANNA FRANKE LINTZ.

Submitted December 6, 1907—Decided February 24, 1908.

1. Where an entire contract for the laying of a concrete sidewalk has been substantially performed, even though not completed in a workmanlike manner, the contract price may be recovered, less a fair allowance to make good the defects, although the work has not been accepted.
2. Acceptance of such work is immaterial, except in an action to recover upon a *quantum meruit.*

On appeal from the Second District Court of Newark.

Before Justices VOORHEES and MINTURN.

For the plaintiff, *James M. Trimble.*

For the defendant, *Guild, Lum & Tamblyn.*

The opinion of the court was delivered by

VOORHEES, J.   This is a suit brought upon a verbal contract whereby the plaintiff agreed to lay for the defendant a concrete walk at an agreed price per foot.   The plaintiff proceeded with the work and claims to have finished it. While the work on the concrete walk was proceeding, the plaintiff and defendant made a second agreement for laying a flag walk at an agreed price per foot.   The defendant objected to certain parts of the work, and the plaintiff made some repairs and additions, but did not finish the work to the satisfaction of the defendant, and the defendant did not accept it.

It appears that the two agreements were entire contracts and that they are not completed in a workmanlike manner in the following particulars:

The concrete walk was graded so that water remained upon it for considerable periods after rainfall.   At another place a double line or groove was left, a few inches apart, across the concrete walk while lines in all other parts were about three feet apart, and at one place additions or patches were laid, which were irregular and inartistic.   The flags were laid unevenly, and the flag walk was irregular.

The suit was for a balance of $197.91 remaining due on the contract, the sum of $425 having been paid on account before the commencement of the suit.   The findings of fact by the court below, in this case, are not that the contracts were not substantially performed, but that they were not completed in a workmanlike manner as particularly pointed out in the findings.

These contracts may be considered akin to building contracts. Where the labor and materials of the contractor go to form an addition affixed to lands, the right of the owner of the lands to refuse to accept such work cannot well be exercised without doing injustice to one party or the other. Hence, in such class of contracts the rule requiring an absolute completion of the contract before the right to payment could be enforced has been modified. *Bozarth* v. *Dudley,* 15 *Vroom* 304.

In *Feeney* v. *Bardsley,* 37 *Vroom* 239 (*Court of Errors and Appeals*), it was held that if the contractor did not substantially comply with the contract he could not recover, but if there had been a substantial performance of the contract, even though there was failure in some minor particulars, the contract price might be recovered, less a fair allowance to the owner to make good the defects. This, we think, is the true rule, and that in the absence of a finding that the contracts in question had not been substantially complied with, the plaintiff was entitled to judgment for the contract price, less an allowance sufficient to make good any defective workmanship. What this allowance should be it was the duty of the defendant to establish, if he sought to take advantage of the defects relied upon as a defence.

Although the court below found as a fact that the work had not been accepted, yet that was an immaterial matter unless the suit were brought upon a *quantum meruit,* which was not the case. *Feeney* v. *Bardsley, supra.*

We think the judgment should be reversed and a new trial ordered.