FRANK LOH, PLAINTIFF IN ERROR, v. BROADWAY REALTY COMPANY, DEFENDANT IN ERROR.

Argued June 5, 1908—Decided November 9, 1908.

1. Whether, under the testimony, a building has been substantially completed so as to entitle the plaintiff to recover for the value of his work under the contract is a question for the jury.
2. Whether the president of defendant company, who was present during the progress of the work, directing and supervising, was there as the agent of the company, under the testimony, was a question of fact for the jury.

On error to Hudson Circuit Court.

Before GUMMERE, CHIEF JUSTICE, and Justices TRENCHARD and MINTURN.

For the plaintiff in error, *Frederick N. Eberhard.*

For the defendant in error, *J. Emil Walscheid.*

The opinion of the court was delivered by

MINTURN, J.  The plaintiff, a builder, and defendant cor-
poration, entered into a contract in writing, under seal,
whereby the former agreed for the sum of $13,785 to erect a
brick building upon the land of the defendant in the town of
Union, in the county of Hudson, "according to certain plans
and specifications," the latter of which contained the provi-
sion that all the work and material supplied should be to the
entire satisfaction of the owner and architect.  No architect
was appointed to supervise the work, but it appears from the
testimony that the president of the defendant company was
at the building daily, "conferring with the plaintiff and the
sub-contractors" and exercising such authority as an architect
generally exercises in directing the progress of the work, order-
ing extra work, and agreeing with the builder upon changes
in the plans, whenever it was considered necessary to make
changes.   The work in some details was not completed,
but plaintiff received from defendant the various pay-
ments due according to the terms of the contract, excepting
a balance of $2,915 and a bill for extra work of $169, making
a total claim of $3,084 to recover which he instituted this suit.
The trial of the case under the pleadings proceeded upon the
theory that the only questions involved were, *first,* whether
the defendant had accepted the work, and *secondly,* if not ac-
cepted, whether it had been substantially completed.   The
court charged the jury that the answer to these inquiries
would solve the question of defendant's liability under the
contract, and the court's exposition of the law in that respect
was correct under the authorities in this state.  *Dyer* v. *Lintz,*
47 *Vroom* 204; *Bozarth* v. *Dudley,* 15 *Id.* 304; *Isetts*
v. *Bliwise,* 43 *Id.* 102; *Feeney* v. *Bardsley,* 37 *Id.* 239.

The refusal of the court to grant a nonsuit, and its refusal
to direct a verdict, are made the grounds upon exceptions for
the main assignments of error.   But we find no error in this

respect, since it was entirely within the province of the jury to infer from the facts established by the testimony in the case, as well as from the admission at the trial of defendant's counsel, that Eastman's authority in the direction of the work was not to be questioned (*Case, p.* 34); that Eastman was present daily during the progress of the work, conferring with the plaintiff and the sub-contractors as to the progress and direction of the work, as the agent of the defendant. The jury, under this testimony, might properly infer that Eastman's failure to object to items of the work that defendant now finds objectionable was proof sufficient that such items were satisfactory to defendant at the time. In such event, if he was present in the *status,* not as president, but as agent of the defendant company, the defendant is now estopped from complaining by his failure to object or complain at the time. 16 *Cyc.* 765, and cases; *McKevitt* v. *Hoboken,* 16 *Vroom* 482; 2 *Rice Evid.* 712, and cases.

The same reasoning applies to the assignments of error relative to the extra work, for, under the testimony, it was for the jury to determine the question of Eastman's authority in the premises, so as to charge the defendant with the consequences of his acts under the contract. *Qui facit per alium, facit per se.*

Nor does the fact that the plaintiff entered the building during the pendency of this suit, to protect the plumbing against the severity of the weather, militate against his rights under the contract. In view of the non-committal attitude of the defendant, and its refusal to accept the house, it was plaintiff's right, if not his duty, to protect the property and thus mitigate the damages. *Ramsey* v. *Perth Amboy Shipbuilding Co.,* 2 *Buch.* 165; *Hale Dam.* 64, and cases; 13 *Cyc.* 71-78, and cases.

The conception thus entertained of the legal principles applicable to this case renders unnecessary any discussion of the remaining assignments of error, which we conceive to be, in effect, but amplifications of the main contentions above determined.

The judgment will be affirmed.