NICKELS et al.

v.

WITSCHNER et al.

No. 44005.

Supreme Court of Missouri.

Division No. 2.

July 12, 1954.

Motion for Rehearing or to Transfer to Court en Banc Denied Sept. 13, 1954.

E. Robert Klein, Kansas City, for appellants.

Ira K. Witschner, Charles V. Garnett, Kansas City, for respondents.

WESTHUES, Commissioner.

Plaintiffs Edward C. Nickels and Kathryn M. Nickels (sometimes spelled "Nick-

les" in the record) filed this suit to set aside a trustee's deed whereby title to real estate was conveyed to defendant Great Western Homes Building Corporation. Plaintiffs also asked that a note and deed of trust be cancelled under the provisions of which the property was sold by the trustee named therein. Plaintiffs alleged they did not execute the note and deed of trust. The defendant Building Corporation filed an answer claiming ownership of the property by virtue of the trustee's deed. Defendant Ira Keith Witschner asserted in his answer that he purchased the note and deed of trust for a valuable consideration and that plaintiffs defaulted in payments due and that the deed of trust was foreclosed. Defendant Joseph A. Harrington alleged in his answer that he was the notary public before whom the deed of trust was acknowledged and that plaintiffs executed and acknowledged the deed of trust and note. Defendant Jerome K. Davidson answered admitting that he was the trustee named in the deed of trust and that he made the deed in question as trustee. Bernard W. Gnefkow, named as a defendant, was alleged to have been a magistrate judge before whom an unlawful detainer suit was pending for the possession of the property when the petition in this case was filed. The trial court at plaintiffs' request entered a restraining order staying the proceedings in the magistrate court pending the outcome of this suit. The record shows that when the present case was called for trial, plaintiffs failed to appear. Defendants were present in court. The court entered a judgment and decree for the defendants. The court found plaintiffs had been notified of the setting of the case but failed to appear and were adjudged in default. The court entered a decree vesting title in defendant Great Western Homes Building Corporation as prayed for in its answer. Plaintiffs filed a motion for new trial which was overruled; whereupon they appealed to this court.

Plaintiffs briefed three points seeking a reversal of the trial court's decree. In the first, plaintiffs assert that the court erred in refusing to continue the case pending a settlement agreed upon by the parties. In the second point briefed, plaintiffs say the trial court erred in entering a decree without any evidence before it. In the third point, it is urged that the judgment should be reversed because the defendant Great Western Homes Building Corporation did not produce any evidence that it paid any consideration for the property at the foreclosure sale. We shall dispose of these in the order named.

As to the first point that the court should have continued the case pending a settlement agreed on by the parties, it is enough to say that the record fails to support this claim of plaintiffs. The record is wholly silent as to any settlement or any request for a continuance. The record simply shows plaintiffs failed to appear at the time the case came on for trial. There is nothing before us to review as to this point.

The second point briefed, that the decree was entered without any evidence, was not mentioned in the motion for new trial. The only references to evidence in the motion are found in assignments one and two of the motion. In the first, plaintiffs say "That the decree and judgment is against all of the evidence." The second reads "That the decree and judgment is against the weight of the credible evidence adduced herein." The second point briefed is therefore not preserved for our review. Aetna Insurance Company v. O'Malley, 343 Mo. 1232, 124 S.W.2d 1164, loc.cit. 1166(1-3).

What we said about the second point briefed is also applicable to the third and last point, that is, plaintiffs did not in their motion for new trial make any reference to the court's failure to hear evidence. Except for the first and second assignments in the motion, evidence was not mentioned. Assignments 3 to 9 (and there were 9 assignments in the motion) pertain to the alleged settlement of the par-

ties and the failure of the court to continue the case so the parties could complete the settlement. As to this, as we stated above, the record is silent.

It follows that the judgment should be and is hereby affirmed.

BOHLING and BARRETT, CC., concur.

PER CURIAM.

The foregoing opinion by WESTHUES, C., is adopted as the opinion of the court.

LEEDY, Acting P. J., and ANDERSON and BROADDUS, Special Judges, concur.