**GRAHAM CONSTRUCTION COMPANY et al., Appellants,**

v.

**ROBERT H. PYLE, INC., Appellee.**

No. 279.

Court of Civil Appeals of Texas.

Corpus Christi.

Nov. 30, 1967.

Rehearing Denied Dec. 28, 1967.

**486**

Dayton G. Wiley, of Wiley & Thornton, San Antonio, for appellants.

Denver E. Perkins, Gonzales, for appellee Robert H. Pyle, Inc.

A. Philip Wilson, of Brady, Drake & Wilson, Dallas, for appellee Dresser Industries, Inc.

## OPINION ON MOTION FOR REHEARING

NYE, Justice.

After careful consideration of appellants' motion for rehearing, we withdraw our opinion delivered in this cause and substitute therefor the following opinion.

This is a suit for debt due on a written contract brought by appellee Robert H. Pyle, Inc. against Graham Construction Company, the general contractor and National Surety Corporation. This case and Cause Number 278, Graham Construction Company et al. v. Walker Process Equipment, Inc.[1] were consolidated for the purposes of trial before the court sitting without a jury. However, each suit was the subject of a separate judgment. The case ended in a judgment for Pyle against Graham and the surety company. Reference to our opinion handed down in the above-cited case is made for reference to more detailed facts and citation of cases.[1]

Graham was a prime contractor employed by the City of Gonzales to build a sewer disposal plant. Graham solicited bids from various subcontractors for certain for certain technical and specialized equipment including blowers from appellee Robert H. Pyle, Inc. Robert H. Pyle individually acted as agent for various manufacturers including his own company, the appellee herein. Pyle, Inc. in turn subcontracted with Dresser Industries, Inc. for this certain blower equipment which was manufactured by Roots Conerville, a subsidiary of Dresser Industries. Graham accepted the proposal from appellee for the blower equipment which was nominated as Item 4 in the proposal by Robert H. Pyle to Graham.

Upon completion of the contract the City paid Graham the full amount of its contract obligation ($244,462.30). Graham, on the other hand, did not pay appellee Pyle, Inc. any amount due on its contract ($23,821.00). Whereupon, notices under the McGregor Act were sent to Graham and National Surety Corporation, the surety company which wrote the payment and performance bond for Graham. Pyle, Inc. filed suit against Graham for the moneys due the company under its contract. Answering

---

1. Graham Construction Company et al. v. Walker Process Equipment, Inc., 422 S.W.2d 478.

this suit Graham contended that the equipment did not comply with the engineering specifications; that Graham was forced, compelled and required to spend the sum of $5,113.28 in additional labor, materials and supplies in reworking, modifying and repairing the equipment supplied by appellee; and that because of the delay in the delivery of the equipment, Graham was required at additional expense to maintain his personnel on the jobsite while awaiting delivery of such equipment. Upon trial, judgment was rendered for plaintiff, and against H. Gillis Graham, doing business as Graham Construction Company and his surety, National Surety Corporation, less an offset of $1600.00 for defective materials and delay in shipment. Dresser Industries, Inc. had intervened, and Robert H. Pyle, Inc. confessed judgment to them. An interlocutory judgment was granted in favor of Dresser Industries, Inc., all of which was incorporated in the final judgment herein. Graham has perfected its appeal raising four points of error. (See detailed discussions of some of same points of error in our previous opinion Graham Construction Company et al. v. Walker, Process Equipment Inc., supra).[1]

Appellant's first two points are that the trial court erred in rendering judgment on the contract because Pyle failed to timely perform its contract obligation and in placing the burden of proof on Graham to show the claimed setoff.

Primarily Graham's asserted affirmative defense of a setoff against the contract price due appellee, was based upon work done on brackets supporting a discharge snubber which was a part of the equipment furnished by Pyle. Graham additionally claimed $100.00 a day delay for 38 days. The trial court allowed $1600.00 damages for defective equipment and delay.

■ The rule of law generally is that where there has been substantial performance of the contract, the contractor is entitled to recover the full contract price less the reasonable cost of remedying the defects and omissions so as to make the structure conform to the contract. The burden where there has been a substantial performance is on the contractor to furnish the evidence to properly measure the deductions allowable that would be necessary to remedy the defects and omissions. Here the plaintiff (excepting only a year maintenance agreement which plaintiff agreed to fulfill and which is not in dispute between the parties) appellee plead performance of the contract. Robert H. Pyle testified without objection concerning Item 4 that it had performed all the agreements under its contract with Mr. Graham. No objection was made to this proof. The appellant who had defended this suit raised the defense of setoff and proceeded with evidence to prove that there had been a delay in performance and defective material and equipment furnished. Some of the testimony was in dispute. No objection was made by either party on the theory under which the case was tried.

■ The trial court found that the order was received by Pyle in August of 1964 and that the principle parts of the equipment were shipped on February 18, 1965. The court found further that "certain of the materials and equipment furnished by Pyle were defective in minor respects. The repairs made by Graham were made outside of Pyle's and Dresser's factory and without Pyle's or Dresser's written authority or written authority from anyone connected with Pyle or Dresser, and Pyle and Dresser were not accorded the opportunity to exercise any option of requiring the return of any allegedly defective material to establish a claim." The court further found that "except for certain minor adjustments, it was not necessary for Graham to attempt to rework, modify or repair in any substantial manner any equipment and material delivered to him by Pyle, and the same was in substantial compliance with engineer's

---

1. Graham Construction Company et al. v. Walker Process Equipment, Inc., 422 S.W.2d 478.

specifications; except as above stated, and the delivery of same was substantially in keeping with the schedule promised and agreed to by Pyle; and, if anything ordered by Graham from Pyle was delivered late, Graham was not hampered and delayed in the performance of his overall contract to any extent that is not compensated for in the judgment; and Graham did not incur extra expense over and above the amount included in the offset allowed by having to maintain his forces on the job while awaiting delivery thereof." It was undisputed that Graham accepted the equipment from plaintiff without any limitation. The court found that there were some expenses required in reworking, modifying and repairing the equipment and that the amount Graham was damaged was $1600.00 for these adjustments and the delay. This amount was allowed as an offset against the amount due under the contract. The evidence supports the trial court's findings. The record shows that the appellant Graham plead the offset and proceeded throughout the trial to assume the burden of offering proof concerning the damages because of defective material and delay. No issue was raised in the trial court below with respect to this procedure either by way of pleading or objections. We hold that the same is deemed to be waived. If there was error it was harmless. Rule 434, Texas Rules of Civil Procedure. Appellants' points are overruled.

■ Appellants' third point is that the trial court erred in holding that the May 5, 1965 notice given by Robert H. Pyle, Inc. to National Surety Corporation covered material delivered before January 1, 1965. The only evidence of anything furnished prior to January 1, 1965 were the shop drawings which had no monetary value. There was no evidence of anything else delivered prior to this date and no contention is made that the notices given were deficient in any other particulars. Appellants' point is overruled.

■ Appellants' last point is that the trial court failed to make additional specific findings of fact on how much they were damaged because of materials delivered that were defective. We fail to conceive how appellant has suffered harm by the trial court's failure to make this specific finding requested. It is not necessary that a trial court make specific findings on every controverted fact but only on ultimate and controlling issues. Golden State Mutual Life Insurance Co. v. Adams, 340 S.W.2d 77 (Tex.Civ.App.—Fort Worth 1960). The appellant has the burden to show that the trial court's failure to make the requested findings was reversible error. Ryan v. Winegardner, 348 S.W.2d 284 (Tex.Civ.App.—Eastland 1961). We hold that the trial court's findings of fact and conclusions of law are substantially the same as the ones requested and that the trial court's findings support the judgment. Morton v. Hill, 355 S.W.2d 269 (Tex.Civ.App.—Eastland 1962, ref'd, n. r. e.); Janes v. Morton, 385 S.W.2d 702 (Tex.Civ.App.—Amarillo, 1964, ref'd n. r. e.). There being no prejudicial error or harm shown by the appellant for the trial court's failure to file additional findings the reversal of the judgment is not warranted. Wagner v. Riske, 142 Tex. 337, 178 S.W.2d 117 (1944). Appellants' point is overruled.

■ Appellee Pyle by a counterpoint contends that it is entitled to attorney's fees against National Surety Corporation on Graham's payment bond. There was no contract between the parties that would permit such a recovery against the surety company. The Supreme Court of Texas has recently held that a subcontractor who brings suit against the general contractor and his surety on the contractor's payment bond for material and labor furnished, is not entitled to recover attorney's fees under the McGregor Act, Article 5160, absent a statute permitting same, or a contract between the parties. Appellee's counterpoint is overruled. New Amsterdam Casualty Co. v. Texas Industries, Inc., 414 S.W.2d 914 (Tex.Sup.1967).

Judgment of the trial court is affirmed.