Holland **EDWARDS** et al., Appellants,

v.

Rosa E. **BLISSARD** et al., Appellees.

No. 7927.

Court of Civil Appeals of Texas.

Texarkana.

March 25, 1969.

Rehearing Denied April 22, 1969.

Edwards and Bryan Edwards, on a promissory note and mortgage, in the principal amount of $5,000.00, dated November 24, 1964. The note and mortgage provided for payment of $500.00 on November 20, 1965, and a like amount on the 20th day of November of each year thereafter until both principal and interest were fully paid.

The payment due November 20, 1966, was not paid. The note provided for an option to declare the unpaid amount due in case of default, and also provided for 10% attorney's fees. The note was signed by Holland Edwards and Bernie Edwards, who also signed a chattel mortgage on certain cattle to secure payment of the note. Plaintiffs in the suit also contended that Bryan Edwards was a partner of the other two plaintiffs, but failed to prove such allegation. It was undisputed at the trial that Holland Edwards and Bernie C. Edwards executed the note and mortgage in question, that only one payment on the note had been made, and that the balance of the note was due and payable at the time of the trial.

In their third amended original answer and counter-claim, defendants Holland Edwards and Bernie C. Edwards, alleged the partial failure of consideration of the note under which plaintiffs brought their cause of action, and alleged, among other things, that at the time of the execution of the note signed by defendants, that Grover C. Blissard also assigned a 10 year land rental lease he had with Mrs. J. H. H. Norris on 465 acres of land, and that subsequently Mrs. Norris executed another lease of the same property to Olen Jessee, and alleging that Mrs. Norris breached the existing lease contract that Blissard had assigned to the defendants Holland Edwards and Bernie C. Edwards. In this counter-claim they allege, or attempt to allege, some sort of conspiracy and/or interference on the part of Blissard, Mrs. Norris and Olen Jessee to break the existing lease contract, and sought alleged monetary damages therefor.

T. D. Wells, Paris, for appellants.

Leighton Cornett, Fisher, McLaughlin & Harrison, Paris, Pat C. Beadle, Clarksville, for appellees.

FANNING, Justice.

The opinion of February 11th, 1969, in this cause is withdrawn and the following opinion is rendered in lieu thereof.

Rosa E. Blissard and husband Grover C. Blissard sued Holland Edwards, Bernie C.

At the conclusion of the evidence, the plaintiffs and cross-defendants Rosa E. Blissard and Grover C. Blissard, and the cross-defendants, Mrs. J. H. H. Norris and Olen Jessee, filed motions with the trial court to withdraw the case from consideration of the jury and to render judgment in their favor. These motions were granted; and judgment was rendered in favor of the plaintiffs Rosa E. Blissard and Grover C. Blissard against the defendants Holland Edwards and Bernie C. Edwards for their debt in the total sum of $6,040.43 (principal, interest and attorney's fee included in said amount), with stated interest and court costs, and also for foreclosure of plaintiffs' chattel mortgage upon the cattle described in the judgment; judgment was also rendered that plaintiffs Blissards take nothing against Bryan Edwards and that he go hence with his costs without day; and judgment was also rendered that the defendants and cross-plaintiffs Holland Edwards and Bernie C. Edwards, take nothing by their counter-claim against Rosa E. Blissard, Grover C. Blissard, Mrs. J. H. H. Norris and Olen Jessee, and costs in this regard were taxed against defendants and cross-plaintiffs Holland Edwards and Bernie C. Edwards.

Defendants and cross-plaintiffs Holland Edwards and Bernie C. Edwards have appealed.

Appellants, among other contentions, contend to the effect that the trial court erred in withdrawing the case from the jury and rendering its judgment, with appellants contending that there were undecided jury issues and at least nominal damages, and with appellants further contending that the trial court erred in rendering judgment against them on their counter-claims against the various cross-defendants.

Mrs. J. H. H. Norris entered into a written 10 year lease agreement with Grover C. Blissard on August 31, 1964, covering 465 acres of land in Red River County, which lease was duly recorded on Sept. 9, 1964, with the lease beginning January 1, 1965, and providing for the payment of $400.00 annually, cash in advance, on or before January 1st of each year. On November 20, 1964, Grover Blissard assigned this lease to Holland Edwards and Bernie C. Edwards by written instrument, which was not recorded. Blissard had 1046.16 acres adjacent to the Norris 465 acre tract; he sold this 1046.16 acres to Cable and Clutter, realtors, who later on July 6, 1965, sold said 1046.16 acres to Olen Jessee.

The $400.00 rent for 1965 was paid to Mrs. Norris. Holland Edwards and Bernie C. Edwards ran cattle on the 465 acre tract of Mrs. Norris until the latter part of 1965, when they moved their cattle off of the Norris 465 acre tract and they did not thereafter return.

On November 24, 1965, Mrs. J. H. H. Norris wrote a letter to Mr. Holland Edwards, which was introduced in evidence and reads as follows:

"Taylor, Arkansas
November 24, 1965

"Dear Mr. Edwards
As of January 1, 1966, the contract formerly agreed upon concerning the leased land south of Clarksville will be cancelled because of neglect on your part.

As of December 1, 1965, you will have thirty days to clear off anything from the leased land spoken of.
Yours truly,
/s/ Mrs. J. H. H. Norris"

On December 24th, 1965, Holland Edwards, by cashier's check in the sum of $400.00 drawn on a Lubbock bank sought to pay Mrs. Norris for the 1966 rental for the 465 acre lease, and mailed same to Mrs.

Norris. Mrs. Norris replied to this letter by her letter as follows:

"Taylor, Arkansas
12–28–65

"Dear Mr. Edwards:

I informed you some time ago that the contract on my place was broken because of neglect on your part.

So I am returning the check that you sent me for the rent starting January 1st, 1966.

Yours truly,
/s/ Mrs. J. H. H. Norris"

Holland Edwards received the returned $400.00 check and got a return of the money from the Lubbock bank. He made no protest to Mrs. Norris then of her action, and he and Bernie C. Edwards moved their cattle off of her 465 acre tract prior to January 1st, 1966.

On August 18, 1965, Mrs. Norris and Mrs. Lona Whitley executed a written 10 year lease on the 465 acre tract to Olen Jessee, beginning January 1, 1966, and ending December 31, 1975, at an annual rental rate of $500.00.

On February 9, 1966, Mrs. Norris wrote a letter to Mr. Olen Jessee, with a postscript signed by Mrs. Lona Whitley, which was introduced in evidence, and reads as follows:

"Taylor, Arkansas
Feb. 9, 1966

"Dear Mr. Jessee

I received the money you sent. No I have not had any trouble of any kind with Mr. Edwards. He did not try to return the money. I sure thank you for the extra money.

Sincerely,

/s/ Mrs. Norris

P.S. I would like to know if you have a telephone and if you do please send me the number. We might have to call

you to make arrangements to dig a grave in case Mamma passes away. You know she is getting so old we never know.

"/s/ Mrs. Lona Whitley
General Delivery,
Taylor, Ark."

Mr. Jessee went into possession of said 465 acre lease in February, 1966, and after Holland Edwards and Bernie C. Edwards moved their cattle off of the premises, and has been in peaceful possession of the 465 acre lease since entry in 1966, and was in possession at the time of the trial of this case in 1968.

There is no indication in the record that either Holland Edwards or Bernie C. Edwards ever made any attempt to regain possession of said lease, or made any complaint to Mrs. Norris about being requested by Mrs. Norris to move off of the property, until they filed their counter-claim on April 18, 1967. This counter-claim was filed after plaintiffs filed their suit against appellants on January 17, 1967, for the indebtedness due on the note and for foreclosure of their chattel mortgage lien. Appellants, when they got their money refunded from the Lubbock bank on the $400.00 cashier's check, which had been returned to them by Mrs. Norris, did not then further protest to her, did not re-tender another check to her, brought no court action at that time, and vacated the premises as requested by her, nor did they attempt to pay the rental for the year 1967, but up until they were sued by the Blissards on their note and mortgage and until they filed their counter-claim on April 18, 1967, they took no action against Mrs. Norris or any of the appellees with respect to the lease in question.

█ Since it was undisputed that the note and mortgage in question was executed by Holland Edwards and Bernie C. Edwards, and that only one payment had been made on it, and that the balance of the note was due and payable as shown by the record, the trial court clearly was

authorized to withdraw this portion of the case from the jury and render judgment thereon.

■ The burden of proof upon the counterclaims was upon the appellants.

■ In order to prove conspiracy, the conspiracy must be proved by full, clear and satisfactory evidence, and merely raising a suspicion will not sustain a verdict. 12 Tex.Jur.2d § 22, p. 342.

Did appellants produce any evidence of probative force to require the submission of any material fact issue to the jury? After carefully considering the lengthy record in this case we have found no such evidence.

The testimony of Bernie Edwards, Holland Edwards, and Bryan Edwards has been carefully examined and we find that it is silent concerning any conversation or acts on the part of Mr. Blissard to secure a lease for Olen Jessee from Mrs. Norris. Bernie Edwards testified of a conversation in which Blissard offered to buy the lease; Holland Edwards testified to the effect that he had had one conversation with Blissard and told him that he would sell the lease back to Blissard for $10,000.00; Bryan Edwards testified to the effect that Blissard made an offer of $1,000.00 for a surrender of the lease.

Mr. Blissard testified to the effect that he had no contact with Mrs. Norris prior to her execution of the lease to Jessee; that he had not talked to Jessee before August, 1965; that he was first told about the lease with Jessee by a telephone call to him in Mexico by Mrs. Norris when she expressed dissatisfaction with the Edwards' use of her property; and that he offered to buy the lease back from the Edwards, but that he had no other conversation concerning the lease.

Mrs. Norris testified to the effect that she had no contact with Mr. Blissard concerning the lease to Jessee.

Mr. Jessee testified to the effect that he only saw Mr. Blissard one time before he secured the lease from Mrs. Norris, and that the lease was not discussed; that in December, 1965, he told Mr. Blissard that he had the lease contract, that the only conversation he had with Blissard about this lease was a telephone conversation in December, 1965.

■ We hold that there was no evidence of probative force in the record to authorize the submission of any jury issues with respect to the controversies between the appellees Blissards and appellants Holland Edwards and Bernie C. Edwards. We hold that the trial court correctly withdrew the case from the jury and correctly rendered judgment for the Blissards against the appellants.

■ We do not construe any of Mrs. Norris' letters to appellants as constituting a constructive eviction. In this connection, see Weissberger v. Brown-Bellows-Smith, Tex.Civ.App., 289 S.W.2d 813, wr. ref., n. r. e., (1956) ; wherein it was stated in part as follows:

"* * * On July 25, 1952, appellees notified appellants by letter that appellants were in default in their obligations under the lease, and that unless same were corrected within fifteen days, the lease would be cancelled. Appellant Weissberger undertook to testify that he went to see appellee Smith relative to this letter, and was told by Smith that his lease was cancelled. The proof was excluded by the trial court, and such action is the basis of appellants' point of error No. 4. Appellants ceased occupying the premises, and were thereafter, in September, 1952, notified by appellees of appellees' intention to cancel the lease. Appellees formally notified appellants of cancellation in March of 1953. By point of error No. 3, appellants contend that the letter of July 25, 1952, and the statement by appellee Smith, constituted a constructive eviction on the part of appellees. We overrule points Nos.

3 and 4. The law relative to constructive eviction of a tenant by a landlord is stated in 52 C.J.S., Landlord and Tenant, § 458, p. 179, as follows:

"'* * * * a mere notice to quit, followed by vacation of the premises by the tenant, does not constitute a constructive eviction, for there must be some additional feature, such as harassing incidents disturbing to the tenant's peaceful possession and occurring on the property; and, that if the tenant moves out without protest, there is no eviction.'"

Also in this connection see Coury v. Porterfield, Tex.Civ.App., 299 S.W. 938, writ refused (1927) and 36 C.J., p. 267, § 988; 52 C.J.S. Landlord and Tenant § 455.

■ There is no evidence of probative force that Mr. Jessee, Mrs. Norris and Mr. Blissard conspired with one another or acted together in a concerted effort to remove appellants from Mrs. Norris' land, nor did any of them remove the appellants from Mrs. Norris' land. During the time that any suspected conspiracy could have taken place, between July, 1965 and the latter part of August, 1965, Mrs. Norris was in Taylor County, Arkansas. Mr. Jessee was in Cuthand, Texas, and Mr. Blissard, for the most part of said time was in Mexico. Furthermore, the burden was on appellants to raise by evidence of probative force an issue on conspiracy or any sort of tortious interference with the lease contract, and we are unable to find any evidence of probative force more than even a scintilla on any of these alleged matters. In this connection, see Joske v. Irvine, 91 Tex. 574, 44 S.W. 1059 (1898).

■ It is our further view that the undisputed evidence shows that appellants removed themselves from Mrs. Norris' land, that no one physically removed them from the property, that they did not pay the rentals due for 1966, 1967, and 1968, and did not tender the lease money for these three years at the trial, that after having their cashier's check for $400.00 for the 1966 rental returned to them by Mrs. Norris, they cashed the check and made no protest of the situation, and allowed lessor Mrs. Norris and lessee Jessee to peacefully occupy the leased premises without protest or action until their counter-claim was filed on April 18, 1967, and which, coupled with all the circumstances in this case, we think leads to the conclusion that appellants by their own actions in voluntarily removing their cattle from said land and their non-action in the matters hereinbefore related, resulted in a surrender of said Norris lease by operation of law. In this connection see the following authorities: Dearborn Stove Co. v. Caples, 149 Tex. 563, 236 S.W.2d 486 (1951); Cannon v. Freyermuth, Tex.Civ.App., 4 S.W.2d 85, no writ (1928); Nutt v. Berry, Tex.Civ. App., 323 S.W.2d 500, no writ (1959).

The case of Clements et al. v. Withers, (Tex.) 437 S.W.2d 818, relied upon by appellants, has been examined and we find it is not applicable to the case at bar, as we are of the view that there is no evidence of probative force in the record in this cause authorizing the submission of any issues with reference to any alleged "tortious interference" on the part of any of the appellees.

We further hold that there was no evidence of probative force in the record to authorize the submission of any jury issues with respect to appellants' counterclaims against appellees Blissards, Olen Jessee and Mrs. Norris. We therefore hold that the trial court correctly withdrew the case from the jury and correctly rendered judgment in favor of appellees Blissards, Jessee and Mrs. Norris on the counterclaims asserted by appellants.

Each and all of appellants' points have been considered, none are deemed as presenting reversible error, and all of said points are overruled.

Finding that the trial court entered a correct judgment under the record in this case, the same is accordingly affirmed.