**BPR CONSTRUCTION & ENGINEER-ING, INC., Appellant,**

v.

**A. G. RIVERS and Wife, Evelyn Rivers, Appellees.**

No. 20374.

Court of Civil Appeals of Texas, Dallas.

Sept. 30, 1980.

Rehearing Denied Nov. 26, 1980.

Pat W. Davis, Bowles, Davis & Horton, Dallas, for appellant.

Howard V. Tygrett, Jr., Tygrett, Walker & Lamb, Dallas, for appellees.

Before GUITTARD, C. J., and ROBERT-SON and HUMPHREYS, JJ.

HUMPHREYS, Justice.

BPR Construction & Engineering, Inc. appeals from a take nothing judgment on its counterclaim for breach of a written contract. BPR contends that the court erred in placing the burden of proof of the cost of completion of the contracted work on it, the defendant contractor, because the burden of proof is on the plaintiffs, Rivers. We disagree and affirm.

In October 1975, A. G. Rivers entered into a written contract with BPR Construction & Engineering, Inc. to perform certain repair work on the foundation of the Rivers' then residence for the contract price of

$8,320.00. When BPR informed Rivers it had completed the job, Rivers, at BPR's request, compiled a list of complaints. The primary complaints were that the foundation and interior slab floors were not adequately leveled, that the center of the house was higher than the ends, that the slab floor of the garage was uneven, and that the slab patching was not done in a good, workmanlike manner. After receiving Rivers' list of complaints, BPR informed him that it could not finish the job. Rivers, an experienced builder of houses, then attempted to level the slabs himself and withheld payment to BPR, whereupon BPR perfected a mechanic's lien upon the property.

The Rivers sued BPR for breach of contract in failing to perform in a workmanlike manner, enumerating specific acts and omissions. The Rivers sought $10,000.00 in damages as the loss of the fair market value of their home, or alternatively $10,-000.00 as the amount necessary for others to complete the job. The Rivers further sought the removal of the mechanic's lien, a permanent injunction from replacing the mechanic's lien, costs of suit, and interest.

BPR responded with a general denial and counterclaim, claiming that it had performed in a good and workmanlike manner as required by the contract and that the Rivers' refusal to pay the agreed price constituted a breach of contract. Alternatively, BPR plead that all work performed under the contract was performed in good faith and constituted substantial performance of the contract.

At the trial, neither BPR nor the Rivers introduced any evidence as to the cost of completing the work that BPR had contracted for but had not performed.

The jury found (1) BPR did not complete its contract in a good and workable manner, (2) BPR did substantially perform its obligations under the contract, and (3) $3,500.00 was a reasonable attorney's fee for BPR. The trial court's judgment was that all parties "take nothing" and also removed the mechanic's lien.

In its first three points of error, BPR argues that the judgment is erroneous be-cause the court improperly placed the burden of proof of the cost of completion of the contract on the defendant, BPR. It argues that the court erroneously applied the law found in *Atkinson v. Jackson Brothers*, 270 S.W. 848 (Tex. Comm'n App. 1925, holding approved), wherein it was held that the burden of proof of the owner's damages, concerning the amount necessary to remedy defects of the contractor was on the contractor, rather than the owner. We disagree.

■ Although other jurisdictions place the burden of proof on the owner to establish the amount of damages, Texas courts have followed the *Atkinson* rule in holding that the burden of proof is on the contractor to establish the amount of damages to the owner. *See Todd Shipyards Corp. v. Jasper Electric Service Co.*, 414 F.2d 8, 15 (5th Cir. 1969); Guittard, *Building Contracts: Damages and Restitution*, 32 Tex. B.J. 91, 122 (1969). The facts of the *Atkinson* case are directly on point with the instant case. Atkinson contracted with Jackson Brothers to build a house according to certain plans and specifications. The jury found that although Jackson Brothers did not fully comply with the terms of the contract, they had substantially complied. Neither Atkinson nor Jackson Brothers furnished proof as to the reasonable cost and expense necessary to correct defects and make the building comply with the specifications. In reversing the Court of Civil Appeals, the Commission of Appeals stated the general rule that the equitable doctrine of substantial performance is recognized in Texas. If the contractor has acted in good faith and has substantially performed, he will be allowed to recover notwithstanding slight deviations from the contract, but his recovery will be diminished by the amount necessary to compensate for the deficiency. Jackson Brothers could not recover at all without invoking the doctrine of substantial performance and therefore, the burden was on them to furnish the evidence to properly measure the deductions allowable necessary to remedy the defects and omissions. *Atkinson v. Jackson Brothers*, 270 S.W.2d 848,

851 (Tex. Comm'n App. 1925, holding approved). *See Graham Construction Co. v. Robert H. Pyle, Inc.*, 422 S.W.2d 485, 487 (Tex.Civ.App.–Corpus Christi 1967, writ ref'd n.r.e.); *Treiber v. Schaeffer*, 416 S.W.2d 576, 579 (Tex.Civ.App.–San Antonio 1967, no writ). Consequently, BPR cannot recover the full contract price without deduction for defects or omissions since it was found that there was only substantial performance. Accordingly, under the rule of *Atkinson*, BPR had the burden of introducing evidence to properly measure the defects and omissions. Having failed in its burden of proof, the trial court was proper in its judgment that BPR take nothing.

█ Appellant's fourth and fifth points of error allege that since the jury found BPR substantially complied with its contract, Rivers' damage was minimal and the judgment results in a substantial windfall to the Rivers, to which they are not entitled by the evidence. We cannot agree. Since no damages were determined, we hold BPR may not be granted a new trial based on an alleged award of damages manifestly too small as to BPR and manifestly too large as to the Rivers.

█ Appellant's final point of error is that the court erred in removing the mechanic's lien because the evidence shows no slander of title since the sale of the Rivers' home was not prevented. We disagree. As the court determined that the Rivers owe no money to the party claiming the lien, there is no authorization for the mechanic's lien to be in effect and it was properly removed.

Accordingly, we affirm.

## GUITTARD, Chief Justice, concurring.

I join in the concurring opinion of Justice Robertson. I would add that *Atkinson* poses an unfair dilemma for the contractor whenever he sues or counterclaims for the contract price and the owner asserts defective or incomplete performance. If, as frequently happens, the evidence of defects is disputed, the contractor must, in effect, negate his own claim of full performance by proving the cost of remedying defects which, according to his evidence, do not exist, or risk forfeiture of all compensation due him under the contract. According to the logic of *Atkinson*, if he proves the cost of remedying one or more defects asserted by the owner, the dilemma still exists because the court or jury may find another defect raised by the evidence, but concerning which the amount of the owner's damage has not been shown. All an owner needs to do in order to establish a defense to the contractor's entire claim, while retaining the benefit of the contractor's work, is to raise a fact issue concerning any defect, no matter how slight in relation to the total of the work performed. Thus *Atkinson* replaces the equitable doctrine of substantial performance with a penalty, which is not only out of proportion to the breach, but is greater for a slight breach than for a more substantial breach. I find no principle of logic or justice to support such a rule. Consequently, but for the supreme court's approval of the holding in *Atkinson*, I would reverse the judgment in this case.

## ROBERTSON, Justice, concurring.

I concur in the majority opinion because it correctly applies the controlling rule of law to the facts of this case. I feel compelled, however, to state that if we were not bound by the rule of the *Atkinson* case, my decision would be to the contrary. The holding of the Commission of Appeals in the *Atkinson* case was adopted by the supreme court, and the opinion in that case has been cited by courts of civil appeals over forty times. Until today, no court of this state has criticized or questioned the rule of the case. I do question it and suggest that the supreme court re–examine the rule. It is not consistent to say that a contractor, such as appellant, after proving substantial performance may recover under the contract, but his measure of recovery is not the contract measure of damages. The measure of damages for breach of contract is the amount necessary to place the party claiming a breach in a financial position equivalent to that in which it would have been had the contract been fully performed by

both parties. *Little Darling Corp. v. ALD, Inc.*, 566 S.W.2d 347 (Tex.Civ.App.–Dallas 1978, no writ). Since substantial performance is full performance for purposes of suing under the contract, the contractor's damages should be measured by the contract price, because that represents full performance by the owner. This rule works no injustice on the owner; he can counterclaim for, and prove, his damages. This rule is followed in other jurisdictions. *Bruner v. Hines*, 295 Ala. 111, 324 So.2d 265 (1975); *Martin v. Karsh*, 142 Cal.App.2d 468, 298 P.2d 635 (1956); *Cassinelli v. Stacy*, 238 Ky. 827, 38 S.W.2d 980 (1931); *Antonoff v. Basso*, 347 Mich. 18, 78 N.W.2d 604 (1956); *Rickertsen v. Karskadon*, 172 Neb. 46, 108 N.W.2d 392 (1961); *Dyer v. Lintz*, 76 N.J.L. 204, 68 A. 908 (1908); *Exton Drive–In, Inc. v. Home Indemnity Co.*, 436 Pa. 480, 261 A.2d 319 (1969); *United States v. Wunderlich Contracting Co.*, 228 F.2d 66 (10th Cir. 1955).

At common law, the doctrine of substantial performance provided that where the contractor had completed the work under the contract in all significant respects, with only minor and technical variations from the contract, the contractor was entitled to recover the full contract price. His recovery was under the contract because he had, in the contemplation of the law, fully performed. It was said that substantial performance is full performance for purposes of recovery under the contract. 3A Corbin on Contracts § 709, p. 338. The Commission of Appeals in *Atkinson* correctly stated this principle of the equitable doctrine of substantial performance. The Commission went on to state, however, that the measure of damages for substantial performance is the contract price less the cost of completing the contract so as to render full performance. This rule casts on the contractor the burden of proving the cost to complete as an element of his cause of action. If no cost to complete is proven, as in the present case, the contractor can recover nothing on the contract even though there has been a finding that the contractor has complied with the contract in all significant respects.

In a situation such as the one presented in *Atkinson*, and in this case, *both* parties are claiming a breach by the other party. Thus, there are two separate claims arising from the same contract. The contractor is suing for breach because he has not been given the promised performance of the owner, and because he has not been paid. On the other hand, the owner is suing for breach because he has not been given the promised performance by the contractor in that he has not received the exact building for which he contracted. The rule that seems appropriate in this situation is the general rule that each party has the burden of proving the elements of his own claim. *See Sharp v. Chrysler Corp.*, 432 S.W.2d 131, 135 (Tex. Civ.App.–Houston [14th Dist.] 1968, writ ref'd n.r.e.). Thus, the owner should have the burden of proving his claim for damages. *See Edwards v. Blissard*, 440 S.W.2d 427, 431 (Tex.Civ.App.–Texarkana 1969, writ ref'd n.r.e.).

If the contractor in the present case had not counterclaimed for breach of contract, it would seem that the owner would have had the burden of proving the cost to complete because that is the measure of his damages. In that situation, the owner recovers his damages and the contractor is barred from enforcing the promise of the owner to pay because that claim is a compulsory counterclaim to the owner's suit for damages. *See* Tex.R.Civ.P. 97(a). Thus, in any suit where the owner claims damages for breach of contract by incomplete performance, the contractor has two choices: (1) prove the owner's damages, or (2) risk forfeiture of his right to enforce the contract. The first choice is contrary to the well–established rule that the party asserting a claim has the burden of proving it. *Sharp v. Chrysler Corp., supra.* The second choice is contrary to the reason for the adoption of the equitable doctrine of substantial performance, which was to prevent forfeitures. Professor Corbin criticizes the rule that the contractor cannot recover the contract price if he has committed any breach at all because "it enforces penalties and forfeitures; and the smaller the breach

the greater the penalty." 3A Corbin on Contracts § 710, p. 343. The rule of *Atkinson* effectively abrogates the equitable doctrine of substantial performance.