**FIRST PLACE, INC., Respondent,**

v.

**DOUGLAS TOYOTA III, INC., Appellant.**

No. 16840.

Missouri Court of Appeals,
Southern District,
Division One.

Dec. 4, 1990.

Motion for Rehearing or Transfer to Supreme Court Denied Dec. 26, 1990.

Thomas Y. Auner, Carol T. Aiken, Woolsey, Fisher, Whiteaker & McDonald, Springfield, for appellant.

F. William Joyner, Lowther, Johnson, Joyner, Lowther, Cully & Housley, Springfield, for respondent.

CROW, Judge.

Plaintiff First Place, Inc., filed a two-count petition against defendant Douglas Toyota III, Inc. Each count was an independent claim unrelated to the other count. The trial court entered summary judgment for defendant on Count II. Trial by jury on Count I produced a $9,240 judgment for plaintiff. Defendant appeals from the judgment on Count I. Plaintiff did not appeal from the judgment on Count II.

Count I was submitted to the jury on a quantum meruit theory, i.e., that plaintiff—an employment agency—furnished service to defendant in searching for and locating a person to fill the position of comptroller for defendant, that defendant accepted plaintiff's services, and that defendant failed to pay plaintiff the reasonable value of such services.

The first of defendant's three points relied on asserts the trial court erred in denying defendant's motion for judgment in accordance with its motion for directed verdict or for new trial in that plaintiff's recovery was based on a cause of action not pled, as Count I of plaintiff's petition "was based on a contract theory and actual recovery was based on a quantum meruit theory."

Count I, after alleging the corporate existence of the respective parties, pled:

"3. ... plaintiff maintains an office ... for the purpose of providing services for hire for job placement and for locating employees to fill job vacancies.

4. ... on or about ... August 23, 1988, defendant, by and through its authorized agent and employee, Denise Arndt, advised plaintiff that the defendant was seeking persons to fill the position of comptroller and bookkeeper and requested the assistance of plaintiff in locating employees for said positions.

5. ... by engaging the services of plaintiff, defendant implied and agreed that it would pay the usual and customary fee charged by plaintiff for such service.

6. ... thereafter plaintiff undertook and secured Gayle Miller for the position of Comptroller who is now employed by the defendant.

7. ... an oral contract existed between plaintiff and defendant, and plaintiff has rendered full performance on its

part and is entitled to its usual and customary fee of 25% of the annual salary paid to Gayle Miller.

8. ... the reasonable value of the services rendered defendant is 25% of the annual salary paid to Gayle Miller.

9. ... plaintiff has made demand upon defendant for payment of said fee, but defendant fails and refuses to pay said fee."

Defendant maintains Count I pleads an oral contract between the parties, the terms of which are: (1) plaintiff agreed to procure a comptroller for defendant, (2) defendant agreed to pay plaintiff its usual and customary fee—25 per cent of the annual salary to be paid the comptroller, (3) plaintiff rendered the agreed services, and (4) defendant failed to pay the agreed fee. Defendant asserts there was no evidence that it agreed to pay a fee of 25 per cent of the comptroller's annual salary. Consequently, says defendant, plaintiff failed to establish the cause of action pled.

Defendant acknowledges plaintiff could have sought recovery in a separate count under the alternative theory of quantum meruit. However, states defendant, plaintiff failed to do so.

In support of its first point defendant relies on *O'Neal v. Mavrakos Candy Co.,* 255 S.W.2d 138 (Mo.App.1952). There the petition pled that a candy company employed a realtor to obtain a lease on certain business property, that the candy company agreed to pay the realtor the usual and ordinary commission for his services, that the realtor performed the agreed services and the candy company obtained the lease, that the usual and ordinary commission for securing such leases in that locale is five per cent of the total gross rental, and that the candy company was indebted to the realtor in a specific amount (computed at five per cent of the rent). The appellate court stated:

"If the foregoing petition declares upon an express contract, no recovery thereon can be had on the theory of an implied contract, or on the theory of quantum meruit, or on mere proof of reasonable value of the services. 'It is no doubt true that one cannot declare upon an explicit contract and then recover as upon a quantum meruit.' *Stanley v. Whitlow,* 181 Mo.App. 461, 464, 168 S.W. 840, 841." *O'Neal,* 255 S.W.2d at 140[1].

The opinion noted that the realtor charged the candy company with having agreed to an exact method of calculation by which the precise amount of the compensation was to be computed. *Id.* at 140. This, said the court, constituted a declaration on an express contract in which the valuation of and compensation for the services were expressly and explicitly agreed upon. *Id.* Therefore, held the court, to recover on the petition as drawn, the realtor was required to prove, among other elements of his cause of action, that the candy company agreed to pay a commission of five per cent of the gross rental on a lease if and when procured. *Id.* The court then examined the record and concluded there was no evidence that the realtor and the candy company ever agreed the former would be paid the usual and ordinary commission or that such would be five per cent on the gross rental of the lease. *Id.* at 142. Judgment for the realtor was reversed.

Plaintiff responds to defendant's first point by directing us to *Emerson v. Treadway,* 270 S.W.2d 614, 621[14] (Mo.App. 1954), which holds:

"If the petition contains averments which, if proved, would entitle plaintiff to recover either on an express contract or on quantum meruit, and if it is impossible to say definitely whether plaintiff is counting on one or the other, he may be permitted to recover upon whichever of the two theories his evidence may warrant, and the allegations unnecessary to statement of the cause of action, on which recovery properly may be had, may be treated as surplusage and disregarded." (Citations omitted.)

*Accord: Johnson v. Estate of Girvin,* 414 S.W.2d 245, 248[2] n. 1 (Mo. banc 1967).

Plaintiff insists that while Count I of its petition pled an oral contract, "it likewise pleads all of the elements necessary to recover on quantum meruit." We must

therefore ascertain what must be pled to state a cause of action in quantum meruit.

In *Berra v. Papin Builders, Inc.,* 706 S.W.2d 70, 73[1] (Mo.App.1986), we learn: "To recover on [the] theory [of quantum meruit], plaintiff must plead and prove that it provided to defendant materials or services at the request or with the acquiescence of defendant, that those materials or services had a certain reasonable value, and that defendant despite demands of plaintiff, has failed and refused to pay the reasonable value of those materials and labor."

See also *State ex rel. Scott v. Sanders,* 560 S.W.2d 899, 902[3] (Mo.App.1978).

■ In the instant case paragraph 4 of Count I avers defendant's agent advised plaintiff that defendant was seeking persons to fill the position of comptroller and bookkeeper and requested plaintiff's assistance in locating employees for those positions; paragraph 6 avers plaintiff secured Gayle Miller for the position of comptroller and she is presently employed by defendant; paragraph 8 avers the reasonable value of the services rendered defendant is 25 per cent of Gayle Miller's annual salary; paragraph 9 avers plaintiff has made demand upon defendant for payment of said fee but defendant has failed and refused to pay it. These averments plead everything required by *Berra* and *Scott* to state a cause of action in quantum meruit.

Defendant argues that the rule in *Emerson* and *Johnson* is inapposite, as it applies only where it is impossible to say definitely whether the petition pleads an express contract or quantum meruit. According to defendant, Count I was clearly based on an oral contract, not quantum meruit.

We disagree. While Count I avers that "an oral contract existed between plaintiff and defendant," it also pleads sufficient facts to state a cause of action in quantum meruit. Consequently, it is impossible to say definitely that plaintiff relied on one theory to the exclusion of the other.

■ Defendant also argues that the petition in *O'Neal* and Count I in the instant case "are virtually identical." Defendant is wrong. The petition in *O'Neal* contained no allegation that the sum sought by the realtor was *reasonable* compensation for his services. The petition pled only that the candy company agreed to pay the realtor the *usual* and *ordinary* commission, and that the usual and ordinary commission in that locale was five per cent of the total gross rental. There was no allegation that a fee in that amount was reasonable compensation for the realtor's services. Defendant's first point is denied.

Defendant's second point asserts the trial court erred in giving instructions 5 and 6 "in that they allowed the jury to find in favor of plaintiff on a quantum meruit theory when no such theory had been pled."

Instruction 5 was patterned on MAI 26.-05 [1980 Revision], the verdict directing instruction on quantum meruit for goods or services furnished. Instruction 6 was patterned on MAI 4.04 [1981 Revision], the damages instruction for a quantum meruit submission. Defendant does not contend the instructions misstate the elements required for recovery on quantum meruit. Defendant argues only that it was error to give the instructions in that they submitted a theory of recovery not pled in Count I.

In rejecting defendant's first point we held Count I pled everything required to state a cause of action in quantum meruit. That holding is dispositive of defendant's second point. It is denied.

Defendant's third point:

"The trial court erred in denying defendant's motion for judgment in accordance with motion for directed verdict or for new trial because the verdict was clearly against the weight of the evidence in that the jury determined a reasonable value of plaintiff's services when no evidence of reasonable value was presented."

This allegation of error is not included in defendant's motion for judgment in accordance with its motion for directed verdict or for new trial. The only allegation in the motion even arguably pertinent to the third point on appeal is: "The verdict is against the evidence."

Subject to certain exceptions inapplicable here, in jury-tried civil cases allegations of error to be preserved for appellate review

must be included in a motion for new trial. Rule 78.07, Missouri Rules of Civil Procedure (1990); *Crystal Tire Co. v. Home Service Oil Co.*, 525 S.W.2d 317, 322[5] (Mo. banc 1975); *Robbins v. Robbins*, 328 S.W.2d 552, 555[5] (Mo.1959); *Nickels v. Witschner*, 270 S.W.2d 848, 849[2] (Mo. 1954).

In *Johnson v. Flex–O–Lite Manufacturing Corp.*, 314 S.W.2d 75 (Mo.1958), one of the appellants' contentions was that the damages awarded the adverse party were "excessive and against the weight of the evidence." The motion for new trial, however, alleged only that the verdict was against the weight of the evidence. The Supreme Court of Missouri held the latter allegation insufficient to preserve the issue of excessive damages for appellate review. *Id.* at 84–85[13]–[14].

In *Nickels*, 270 S.W.2d at 849[2], one of the appellants' contentions was that the trial court's decree was entered without any evidence. The motion for new trial alleged only that the decree was against all the evidence and was against the weight of the credible evidence. The Supreme Court of Missouri held these allegations insufficient to preserve for appellate review the contention that the decree was entered without any evidence.

Finally, in *Robbins*, 328 S.W.2d at 556[9], the Supreme Court of Missouri held that an allegation in a motion for new trial that the verdict is against the weight of the evidence implies there is some evidence to support the verdict.

■ We hold that the allegation in defendant's motion for judgment in accordance with its motion for directed verdict or for new trial that "The verdict is against the evidence" is insufficient to preserve defendant's third point for appellate review.[1] *Cargill Inc., Commodity Marketing Div. v. Hale*, 537 S.W.2d 667, 670[7] (Mo.App. 1976).

Judgment affirmed.

MAUS, P.J., and PARRISH, J., concur.

PREWITT, J., recused.

---

1. We note that the allegation of error set forth in defendant's third point appears in full on the sixth page of written suggestions filed by defendant in the trial court in support of, and simultaneously with, its motion for judgment in accordance with its motion for directed verdict or for new trial. We find no case holding that an allegation of error is preserved for appellate review if it appears only in written suggestions filed in support of a post-trial motion. In *SAB Harmon Industries, Inc. v. All State Building Systems, Inc.*, 733 S.W.2d 476, 487[16] (Mo.App. 1987), the Western District of this Court held that a point on appeal "was not a component of the formal motion for directed verdict or of the motion for new trial, and hence was not preserved for our review." In *Houston by Houston v. Teter*, 705 S.W.2d 64, 66–67[4] (Mo.App.1985), one of the points on appeal did not appear in the motion for new trial. The point was first raised in oral argument on the motion for new trial and in a memorandum in support of that motion. The Eastern District of this Court held Rule 78.07 means what it says and will not be interpreted into ineffectiveness by saying that a point not included in a motion for new trial, first raised in oral argument on the motion, and subsequently raised in a legal memorandum, sufficiently preserves the error for appellate review. *Id.* at 67. The opinion declared, "The line must be drawn somewhere." *Id.* In *Jackson v. Radtke*, 673 S.W.2d 40, 47[6] (Mo.App. 1984), the Western District of this Court held an allegation of error on appeal which does not correspond to any point in the motion for a new trial preserves nothing for appeal. These holdings establish that defendant's third point was not preserved for appellate review by appearing only in suggestions in support of its post-trial motion.