**Blanche AYERS and Troy Ayers, Plaintiffs–Appellants,**

v.

**AURORA ENTERPRISES, INC., Defendant–Respondent.**

No. 19657.

Missouri Court of Appeals,
Southern District,
Division One.

June 7, 1995.

John C. Banning, Fitzsimmons, Schroeder, Nelson & Reynolds, P.C., Springfield, for appellants.

Frank Cottey, Schroff, Glass & Newberry, P.C., Springfield, for respondent.

MONTGOMERY, Judge.

Plaintiffs Troy and Blanche Ayers brought this negligence action against Defendant Aurora Enterprises, Inc., after Plaintiff Blanche Ayers allegedly sustained injuries while a resident at Defendant's nursing home. The jury returned a verdict in favor of Defendant on April 1, 1994. Plaintiffs timely appeal to this Court. We affirm.

■ Plaintiffs' lone point on appeal alleges:

> The trial court erred in failing to declare a mistrial due to the jury having access to Defendant's Exhibit 13 during a lunch break because such action is prejudicial error in that such action unduly highlighted Defendant's evidence on causation and impeachment.

For reasons which follow we determine that Plaintiffs have failed to preserve the alleged trial court error for our review.

The allegation of error raised here is not included in Plaintiffs' motion for new trial. The allegation in the motion pertinent to Plaintiffs' point on appeal alleges that the trial court erroneously refused to grant a mistrial because the jurors each retained a copy of Defendant's Exhibit 13 for several hours, which prejudiced Plaintiffs' case because "it unduly emphasized the evidence."

■ A claim of error on appeal is limited to that advanced in the motion for new trial and an appellate court does not consider a different ground of objection. *Eagleburger v. Emerson Elec. Co.*, 794 S.W.2d 210, 221 (Mo.App.1990). When an allegation of error on appeal does not correspond to any point in the motion for new trial, nothing is preserved for our review. *Jackson v. Radtke*, 673 S.W.2d 40, 47 (Mo.App.1984). Plaintiffs' allegation of error in their motion for new trial makes no reference to the highlighting of "Defendant's evidence on causation and im-

peachment." Thus, Plaintiffs' point on appeal does not correspond to their point in the new trial motion.

Furthermore, the allegations in Plaintiffs' motion for new trial were general, unspecific, and failed to advise the trial court of Plaintiffs' specific complaint about the trial court's alleged erroneous ruling. Civil Rule 78.07[1] provides, subject to certain exceptions not applicable here, that in a jury-tried civil case allegations of error to be preserved for appellate review must be included in a motion for new trial.

In *Jackson*, the court discussed the application of Rule 78.07 and said:

> In *Pasley v. Newton*, 455 S.W.2d 43 (Mo.App.1970), at 47, this court in applying what is now Rule 78.07 said that in a motion for new trial the specific allegations necessary to preserve error "must be sufficiently definite to direct the court's attention to the particular acts or rulings asserted to be erroneous." The court relied on *Schneider v. Southwestern Bell Telephone Co.*, 413 S.W.2d 16 (Mo.App.1967), which said at 19:
>
> > The dual purpose of an after-trial motion is stated tersely in *Fruit Supply Co. v. Chicago, B. & Q. Ry. Co.*, Mo.App. [1938], 119 S.W.2d 1010(4): "The office of a motion for a new trial is to gather together the rulings complained of as erroneous, and solemnly and formally present them, one by one, in black and white to the judge in order that he have a last chance to correct his own errors without the delay, or expense, or other hardships of an appeal. This much is required. Less does not preserve the rulings for review."

673 S.W.2d at 47.

In *First Place, Inc. v. Douglas Toyota III, Inc.*, 801 S.W.2d 721, 725 (Mo.App.1990), this Court held that defendant's allegation in its post-trial motion that "[t]he verdict is against the evidence" was insufficient to preserve defendant's third point for appellate review. Defendant's third point on appeal alleged that the verdict was against the weight of the evidence "in that the jury determined a rea-

sonable value of plaintiff's services when no evidence of reasonable value was presented."

Here, Plaintiffs' motion for new trial allegation that the jurors' retention of Defendant's Exhibit 13 "unduly emphasized the evidence" equates to the motion for new trial allegation in *Douglas Toyota*. Neither allegation is sufficient to present anything for appellate review. *See Dockery v. Mannisi*, 636 S.W.2d 372, 378 (Mo.App.1982).

■ Our gratuitous examination of Plaintiffs' claim of error under Rule 84.13(c) discloses that no plain error exists. Defendant's Exhibit 13 consisted of Plaintiff Blanche Ayers' medical records from Aurora Community Hospital. During their case Plaintiffs introduced Plaintiffs' Exhibit 1 into evidence. A portion of this exhibit contained an identical reproduction of Defendant's Exhibit 13. Furthermore, Dr. Greg Bell, Plaintiff Blanche Ayers' treating physician, testified by deposition and restated all material information contained in Defendant's Exhibit 13. We fail to see how manifest injustice or miscarriage of justice can result from allowing the jury to "retain" Plaintiff Blanche Ayers' medical records which both sides introduced into evidence.

Judgment affirmed.

SHRUM, C.J., and FLANIGAN, J., concur.

---

1. Rule references are to Missouri Rules of Court (1995).